EMIL A. TAYLOR, who was sued as EMYL A. TAYLOR, d. b., *vs.* FREDERICK T. WARRINGTON, p. b.

JUSTICES OF THE PEACE—REVIEW OF PROCEEDINGS—CERTIORARI— REFEREES.

In an action before a justice of the peace, where the referees' report containing a statement 'that they had been sworn or affirmed by the justice was made a part of the record and certified to by the justice as true and correct, it sufficiently appeared from the record that the referees were sworn or affirmed by the justice.

(*April* 12, 1916.)

PENNEWILL, C. J., and CONRAD, J., sitting.

*Howard J. Cook* for plaintiff below.

*Andrew J. Lynch* and *Robert C. White* for defendant below.

Superior Court, Sussex County, February Term, 1916.

ACTION CERTIORARI, No. 39, February Term, 1916.

Action by Emil A. Taylor against Frederick T. Warrington before a justice of the peace. Judgment for plaintiff and defendant brings certiorari, commanding the justice to send up record of judgment. Exceptions filed, the one relied upon being stated in the opinion of the court. Judgment affirmed.

PENNEWILL, C. J., delivering the opinion of the court.

The exception relied on is that the record does not show that the referees were sworn by the justice.

The record sent up contains the report of the referees which states that:

"We the subscribers, appointed referees in this case by the said justice, after being sworn or affirmed by him to faithfully and impartially try the cause," etc.

This report, as well as the execution issued on the judgment, is made a part of the record, the justice certifying at the end as follows:

"I hereby certify that the above is a true and correct transcript of all the docket entries in the above-stated judgment and execution."

The court are of the opinion that it sufficiently appears from the record in this case that the referees were sworn or affirmed by the justice. To hold otherwise would be unreasonable and entirely too technical.

The court in some cases have permitted the record proper to be aided by marginal notes or entries in showing that certain things, necessary to support the judgment were done. We are not required to go that far in the present case.

Our conclusion is not in conflict with the ruling in *Ray v. Hall*, 1 *Harr*. 106, in which—

Opinion.

"the record did not otherwise allude to the qualification of the referees than by the usual expression in the report, 'We the referees after having been duly qualified,' " etc.

The court said:

"It should appear from the record of the *justice* that he had sworn the referees, and should not be left to inference from their report."

The case is very meagerly reported. It does not appear that the report of the referees was incorporated in and made a part of his record by the justice; neither does it appear from the report of the referees that they were *sworn or affirmed by the justice*. They simply certified that they were duly qualified.

Let the judgment be affirmed.