## LEO T. SBARBARO

*v.*

## MARGARET E. SBARBARO.

[Submitted September 10th, 1917.   Determined September 22d, 1917.]

1. Where a husband and wife holding an estate by the entireties are divorced, the divorce works a severance of their interests and they become either joint tenants or tenants in common, according to the law of the state where the land is located.

2. By virtue of *2 Comp. Stat. p. 1538 § 15*, they become tenants in common when divorced.

On bill for partition.   On hearing on motion to strike out answer.

*Mr. Albert E. Scheflin,* for the motion.

*Mr. Joseph B. Tyler, contra.*

LEAMING, V. C.

In this suit complainant has filed a bill for partition of certain real estate, the title to which was acquired by complainant and defendant, as tenants by the entirety.   Since complainant and defendant thus acquired the property their marriage relation has been dissolved by decree of divorce *a vinculo matrimonii*.

Defendant, the former wife, has answered, setting up as a bar to the partition suit the claim that a tenancy by the entirety cannot be partitioned.

A motion has been made by complainant against the answer by which motion it is sought to have this court determine whether under the circumstances stated the property can be partitioned.

This precise question has been before the courts of many of our states and the conclusions reached have been almost uni-

formly to the effect that the severance of the marital relation by divorce also severs the estate, and that, in consequence, the parties thereafter must hold by such new estate as the laws of the state permit; that as they cannot longer be tenants by the entirety, and as the interests of neither can vest exclusively in the other, they become either joint tenants or tenants in common, according to the policy of the law of the particular state touching those two tenancies. Decisions to the effect above stated are numerous and will be found collected in a foot-note to *14 Cyc.* (at *p. 728*); the decisions subsequent to that note will be found in *Cyc. Perm. Vol. Anno., 1901–1913* (at *p. 1699*). The statute of this state provides that no estate shall be construed and adjudged to be an estate in joint tenancy, except it be expressly set forth in the grant or devise creating such estate that it was or is the intention of the parties to create an estate in joint tenancy and not an estate of tenancy in common. *2 Comp. Stat. p. 1538 § 15.* Where legislation of that nature has existed the authorities above referred to have determined the severed estate to have become a tenancy in common.

Only two authorities are to be found to the contrary of the rule of severance as above stated. These are *In re Lewis, 85 Mich. 340,* and *Alles* v. *Lyon, 216 Pa. 604.* These cases hold that the right of survivorship incident to an estate by the entirety is a vested right and cannot be divested by divorce in the absence of express statutory provisions existing at the time of the inception of the tenancy. The preponderance of authority is overwhelmingly opposed to that view.

But I do not think the question here presented can be said to be appropriately open for further consideration by this court. In *Buttlar* v. *Buttlar, 67 N. J. Eq. 136,* the bill was filed by a divorced husband for partition of land which was held by him and his wife as tenants by the entirety at the time of their divorce. The defence interposed related to matters other than the question here involved. Touching the right to maintain a bill for partition in the circumstances here present, the learned vice-chancellor (at *p. 138* of the reported case), said: "That the effect of the divorce was to destroy the estate by the entirety was admitted not only in the answer of the defendant, but in the argu-

ment, and seems to be the result not only of the authorities but of sound reasoning." The decree which was entered in the case was a decree for partition. On appeal this decree was affirmed by the court of errors and appeals, for the reason stated by the vice-chancellor. *67 N. J. Eq. 729.* While it does not appear in the reported case how extensive consideration the learned vice-chancellor may have given the question here involved, or the extent to which that question may have been considered by the appellate court, the opinions as filed and the decree entered and affirmed can only be properly regarded by this court as giving sanction to the view that absolute divorce severs an estate by the entirety in such manner as to destroy the right of survivorship and thus render it subject to partition as a tenancy in common.

I will, accordingly, advise an order sustaining the motion. In view of the amendment made to the motion at the hearing by consent of the parties no costs of this motion should be taxed by either party against the other.