BLANCHE C. YOUNG *vs.* CLARENCE B. YOUNG.

1. DIVORCE—APPLICATION FOR PROPERTY ALLOWANCE ANCILLARY PROCEEDING, RULE ON WHICH MAY BE SERVED ON DEFENDANT'S ATTORNEY.

After decree nisi for plaintiff for the aggression of defendant husband, a rule, issued upon plaintiff's petition for expenses, restoration of her own real estate, and allowance of a portion of her husband's estate, under *Code* 1915, § 3018, was properly served upon defendant's attorney of record in the divorce case. Plaintiff's application under section 3018 was a part of the divorce proceedings, in which the court's jurisdiction over defendant, acquired by personal service on him and his general appearance, continued during the entire pendency of the suit, and the suit was not terminated by the decree nisi, which was a purely interlocutory step; nor was plaintiff's application rendered a separate proceeding by the fact that the divorce petition did not contain a request for a property allowance.

2. DIVORCE—APPLICATION FOR PROPERTY ALLOWANCE NOT ACTED ON UNTIL AFTER DECREE NISI, AND ORDER THEREOF NOT OPERATIVE UNTIL AFTER FINAL DECREE.

Application of plaintiff wife for restoration or allowance of property under *Code* 1915, § 3018, cannot be finally acted upon until after determination of the divorce case, as by decree nisi, and the restoration or allowance of property cannot be made operative until the time of final decree; there being no finality to the divorce until then.

(*June* 30, 1922.)

RICE and RODNEY, J. J., sitting.

*William H. Cooper* and *Alexander B. Cooper* for plaintiff.

*Philip L. Garrett* appeared specially for defendant.

Superior Court for New Castle County, May Term, 1922.
DIVORCE, No. 43, May Term, 1922.

A petition for divorce a *vinculo matrimonii* was filed by the plaintiff. The return shows personal service on the defendant April 4, 1922, and a general appearance was entered upon the record for the defendant by Philip L. Garrett, Esq. The defendant's counsel moved for and obtained a bill of particulars and a hearing on the petition for divorce was had on May 1, 1922, the attorney for the defendant being present, which resulted in a decree nisi being entered in favor of the wife, the plaintiff, for the aggression of the husband. On May 8, 1922, the plaintiff filed a petition for expenses, restoration of her own real estate and allowance of a portion of her husband's estate. This petition was based on *Section* 3018 of the *Code* of 1915, which provides:

"When a divorce shall be decreed for the aggression of the husband, the complainant shall be restored to all her real estate, and be allowed, out of her husband's real and personal estate, such share as the court shall think reasonable."

On this petition a rule was issued on which rule a return was made "non est inventus as to Clarence B. Young, the respondent, but served the within rule personally upon Philip L. Garrett, attorney of record for Clarence B. Young, the respondent,   *   *   * May 24, 1922." Mr. Garrett thereupon obtained leave to enter a special appearance for the sole purpose of moving to vacate the return of service of the rule for the following reasons:

(1) That the rule was not served personally upon the defendant.

(2) That Philip L. Garrett, attorney for the defendant, had no authority from the defendant to accept service of the said rule.

RODNEY, J.: The second reason may easily be disposed of since it is nowhere suggested that the service of the rule was accepted by the attorney for the defendant and no questions are involved as to his authority other than those growing out of his relation or status as attorney of record for the defendant in the divorce cause.

[1] It is, however, suggested that since no request for allowance from the property of the husband was made in the original petition for divorce, such request after a decree nisi is entered became a separate proceeding and that the respondent is not in court either by virtue of his personal service in the divorce suit or by his attorney of record in that suit. It is contended that enforcement of the order in case of noncompliance would be in the nature of contempt proceedings and that personal service is necessary under such circumstances.

The entire question would seem to depend upon the proposition as to whether or not this present application forms an entirely separate proceeding or whether it is incidental to and a part of the divorce proceeding.

We see nothing in the suggestion that the petition for divorce did not contain a request for property allowance. In *Pleasanton v. Pleasanton*, 30 *Del.* (7 *Boyce*) 292, 105 *Atl.* 836, this court held that under *Section* 3031 support for children might be obtained though the petition asking custody of the children contained no request for an allowance for their support. We see no substantial distinction between the two matters, although in terms *Section* 3018 under which this proceeding is brought seems more imperative as to the action of the court and possibly leaves less to the court's discretion.

In the divorce case jurisdiction of the subject-matter was given by the statute, and jurisdiction of the person was obtained pursuant to law by the personal service on the defendant and by the general and unrestricted entry of appearance by counsel who then became attorney of record. These then gave this court complete jurisdiction during the entire pendency of the suit. The decree nisi entered on May 1st did not terminate the suit; it was purely an interlocutory step with no finality to it, and no power is given to the court to enter a final decree before the expiration of a year. During this year the cause and the parties are before the court,—the one by operation of law and the other by operation of law supplemented by his own act.

[2] The court could not act finally on any petition for res-

toration or allowance of property until after the determination of the divorce case, because the granting of the divorce was a necessary prerequisite to such restoration or allowance. The restoration or allowance of property cannot, however, be made operative, until the time of final decree, because, as indicated above, until such time arrives there is no finality to the divorce. *Jones v. Jones*, 29 *Del.* (6 *Boyce*) 141, 97 *Atl.* 391.

The court will at this time, upon application, act upon that portion of the plaintiff's petition which seeks the payment of the wife's expenses incurred in the conduct of the divorce case, leaving the matter of restoration or allowance of property to be brought up by the plaintiff for the taking of testimony at any time prior to final decree to be operative at the time of the entry of final decree.