SARAH AGATHA TOWNSEND *v.* AMOS TOWNSEND.

(*July* 18, 1933.)

RODNEY, J., sitting.

*Charles L. Harmonson* for plaintiff.

Superior Court for Kent County, Divorce, No. 24, February Term, 1933.

RODNEY, J., delivering the opinion of the Court:

The petitioner has asked that the interest of the husband in the shares of stock in the Building and Loan Association and his interest in the house held as tenant by the entirety and covered by the mortgage held by the Building and Loan Association be assigned to her. She makes no claim and asks no allowance as to the property held by the husband in severalty.

Whatever order the Court makes in the premises can only become effective when and if the decree nisi in divorce subsequently ripens into a final decree. *Young v. Young*, 2 *W. W. Harr.* (32 *Del.*) 25, 118 *A.* 328. It is, however, said to be important that an order be made at this time for the reason that the arrearages now amount to $191.60 and if payments are not promptly made to the building and loan association foreclosure proceedings on

the mortgage must be taken and the investment lost to both owners. The husband has no funds, nor prospects of any, to make the payments. The wife, a school teacher, is able to do so.

An order made at this time affecting the interest of the husband in the property held as tenant by the entirety must necessarily pass upon the title of said property when the divorce decree becomes final. While it is true that if either of the parties die before the divorce decree does become final or it fails of finality for any other cause the entire order made herein becomes ineffectual yet the present order, if it shall become effective, must treat of property as it will exist at the time of the final decree. This necessarily requires some consideration of the question as to whether or not the tenants by the entirety become tenants in common after a final decree in divorce. The determination of this question was not required in *Sidwell v. Sidwell,* 5 *W. W. Harr.* (35 *Del.*) 322, 165 *A.* 334.

With the exception of Pennsylvania (*Alles v. Lyon,* 216 *Pa.* 604, 66 *A.* 81, 10 *L. R. A.* [*N. S.*] 463, 116 *Am. St. Rep.* 791, 9 *Ann. Cas.* 137; *O'Malley v. O'Malley,* 272 *Pa.* 528, 116 *A.* 500) and of Arkansas (*Roulston v. Hall,* 66 *Ark.* 305, 50 *S. W.* 690, 74 *Am. St. Rep.* 97), the American decisions uniformly hold that where husband and wife hold as tenants by the entirety and the marriage is dissolved by a final divorce decree *a vinculo matrimonii* that thereafter the property is held by the parties as tenants in common. It would avail but little to extend this opinion with an exhaustive consideration of the question, including citations from the authorities. There could be but little compensating value for the prolixity involved in restating here the excellent opinions of so many courts. A citation of some of the authorities must be sufficient. *Bernatavicius v. Bernatavicius,* 259 *Mass.* 486, 156 *N. E.* 685, 52 *A. L. R.* 886; *Hayes v. Horton,* 46 *Or.* 597, 81 *P.* 386; *Schafer v. Schafer,* 122

*Or*. 620, 260 *P*. 206, 59 *A. L. R*. 707; *Reed v. Reed*, 109 *Md*. 690, 72 *A*. 414, 130 *Am. St. Rep*. 552; *Meyers v. E. E. Loan & Sav. Ass'n*, 139 *Md*. 609, 116 *A*. 453; *Yax v. Yax*, 125 *Misc*. 851, 213 *N. Y. S*. 4; *Sbarbaro v. Sbarbaro*, 88 *N. J. Eq*. 101, 102 *A*. 256; *Baker v. Kennerup*, 102 *N. J. Eq*. 367, 140 *A*. 681; *Sharpe v. Baker*, 51 *Ind. App*. 547, 96 *N. E*. 627, 99 *N. E*. 44; *McKinnon, Currie & Co. v. Caulk*, 167 *N. C*. 411, 83 *S. E*. 559, *L. R. A*. 1915*C*, 396; *Funk v. Funk*, 205 *Mo. App*. 178, 223 *S. W*. 780; see, also, 52 *A. L. R*. 890.

An examination of the authorities, without the benefit of argument in this case, convinced me of the correctness of the conclusions reached. The holding in Michigan was originally in accord with Pennsylvania (*In re Lewis*, 85 *Mich*. 340, 48 *N. W*. 580, 24 *Am. St. Rep*. 94) but this has been changed by statute (*Allen v. Allen*, 196 *Mich*. 292, 162 *N. W*. 987). In England, it seems that an estate by entirety becomes, after divorce, a joint tenancy (*Thornley v. Thornley* [1893], 2 *Ch*. 229, 16 *Halsbury's Laws of England*, *p*. 355, *Sec*. 712). This is not in harmony with the spirit of our law. *Section* 3270 of the *Revised Code* of 1915 provides:

"3270. No estate, in joint tenancy, in lands, tenements, or hereditaments, shall be held, or claimed, by, or under any grant, devise, or conveyance made to any persons, other than to executors or trustees, unless the premises therein mentioned shall be expressly granted, devised, or conveyed to such persons, to be held as joint tenants and not as tenants in common."

See, also, *Bernatavicius v. Bernatavicius* (*Mass.*), *supra*.

In Delaware there have been a number of partition causes in the Orphans' Court, brought after divorce, where there was partition of real estate, which had been conveyed to the parties during marriage whereby estates by entireties were created. *In re Joseph*, 15 *Del. Ch*. 455, 133 *A*. 696; *In re Richard* (1931), *Orphans' Court Record, New Castle County, V, Vol*. 3, *page* 466. In these cases the Court assumed that the relationship of tenants in common existed after divorce.

Assuming then, that the parties to this cause being now seized of the premises under consideration as tenants by the entirety will, upon the decree nisi in divorce becoming final, become seized of the property as tenants in common, the question now arises, can the interest of such husband in said property as of the date of the final decree (being then a tenancy in common) be considered in this application for division of property under the statute this order to take effect upon the divorce decree becoming final?

The statute (*Revised Code* 1915, § 3018) provides:

"When a divorce shall be decreed for the aggression of the husband, the complainant [wife] shall * * * be allowed out of her husband's real and personal estate, such share as the Court shall think reasonable."

The allowance is effective when the divorce "shall be decreed." This, of course, means a final decree of divorce and not a decree nisi made a year before.

This Court has no authority to take any real or personal property from one spouse and give it to the other except as such division of property is a statutory incident to a preceding final divorce decree. The final decree of divorce must precede the allowance of property. Consequently, when the statute authorizes the Court to give to the wife such share of her husband's real or personal estate as may be reasonable it means a share of such estate as may be held by him at the exact time when the final decree becomes effective. In my judgment, the Court would have no authority to grant to the wife any share or interest in any estate, real or personal, acquired by the husband by will, deed or in any other manner after the final decree of divorce but the Court would have authority to deal with any property or interest owned at the time it was authorized to act.

While the final decree in divorce will change certain characteristics of the estate by which the parties

hold the real estate in question, yet it will not change the holding itself. As tenants by the entirety the husband and wife hold *"per tout et non per my."* As tenants in common they will each hold an undivided fraction—the holding being *"per my"* and not *"per tout."* The same parties holding before the divorce will hold after the divorce. The marriage status having been destroyed those characteristics which grew solely from that relationship are also destroyed but the ownership of the property remains the same.

▇▇ The transformation of the tenancy by the entirety to a tenancy in common follows as an operation of law and is exactly simultaneous with that which causes it—the final decree of divorce. There is no lapse of time but the very instant the decree becomes final the parties become tenants in common.

▇▇ I am of the opinion that the order for division of property hereafter effective may include property now held as tenants by entirety.

In *Schafer v. Schafer,* 122 *Or.* 620, 260 *P.* 206, 59 *A. L. R.* 707, the question bore some analogy to the present one. There real estate was held by husband and wife by entireties and there was a divorce and the Court held that upon the divorce the husband and wife became tenants in common. A statute (*Or. L.* § 511) provided that upon divorce the prevailing party should "in all cases be entitled to the undivided third part in his or her individual right in fee of the whole of the real estate owned by the other at the time of such decree." The Court (by a division of four to two) held that the statute did not apply to the estate by entirety which became a tenancy in common by the divorce. The Court held that the estate by entirety was not an estate of inheritance and not being such the Court could not grant to the prevailing party any interest in "fee." In so far as the facts of that case are applicable to the present one the reasoning of the minority opinion seems to me the

more reasonable. In *Jerman v. Jerman,* 129 *Or.* 402, 275 *P.* 915, it is said that under *Schafer v. Schafer* the Court can make no award of real estate unless the losing party in the divorce "has title in fee."

The action of the Court is also requested in connection with the shares of stock held in the building and loan association in the joint names of the husband and wife and with the amounts of payments made on said shares. These shares of stock and these payments are, of course, personal property. I shall not pause to consider whether the parties hold the said shares and are entitled to the benefit of the payments as tenants by the entirety or as tenants in common nor whether an estate by entirety can exist in personal property. If they do hold as tenants by the entirety or in any manner involving a right of survivorship growing out of the marriage relation, I am of the opinion that such estates or incidents would come within the opinion hereinbefore expressed as to the real estate. If they do not hold as tenants by entirety or are not affected by the incidents growing out of the marriage relation then they hold as tenants in common and the interests are clearly subject to the operation of the statute. Most of the authorities dealing with tenancies by the entirety in personal property are collected in a note to 8 *A. L. R.* 1017. Chancellor Wolcott in *Ciconte v. Barba,* 19 *Del. Ch.* 6, 161 *A.* 925, while doubting that the term "tenants by the entirety" was legally precise as applied to personal property did hold that the same sort of estate or interest which would be recognized as an estate by entirety, if applied to real estate, would also apply to a purchase money mortgage taken to a husband and wife jointly upon conveyance by them of an interest in the land which had been an estate by the entirety in them. I, therefore, conclude that the shares of stock in the building and loan association and the payments thereon may be considered in the order of division of property.

I shall now briefly consider the reasonableness of the order to be made herein and in this connection must consider together the value of the real estate held in entirety and the amount of the mortgage resting thereon. This real estate is shown to have a value of from $1,300 to $1,800. The average of the estimated values will be adopted, viz., $1,550. The amount now due to the loan association is $1,018.08, leaving an equity in both the husband and wife jointly of $531.92, or an interest of each of $265.96. If the order is made as prayed for by the petitioner, it would be an allowance from the husband's estate of $265.96 and this without giving any consideration whatever to the claim of the petitioner that she alone made almost all of the payments to the loan association from her separate funds. The other real estate of the husband valued at $1,200 to $1,500 will, of course, be discharged from any claim by the wife.

An order will be made in accordance with the prayer of the petition granting to the wife the house and lot in the town of Harrington heretofore held by the parties as tenants by the entirety and also assigning to the wife the shares of stock and the payments made thereon in the Harrington Building and Loan Association. The order, however, will be made to become effective if and when the decree nisi heretofore entered shall become a final decree and to become effective in no other event or at any other time.

This, I think, a most reasonable allowance.