**HUSBAND, Plaintiff Below, Appellant,**

**v.**

**WIFE, Defendant Below, Appellee.**

Supreme Court of Delaware.

Feb. 26, 1969.

James M. Tunnell, Jr. and David A. Drexler, of Morris, Nichols, Arsht & Tunnell, Wilmington, for plaintiff below, appellant.

Vincent A. Theisen and John G. Mulford, of Theisen, Lank & Kelleher, Wilmington, for defendant below, appellee.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

CAREY, Justice:

The parties to the present appeal are the same persons involved in a prior appeal to this Court. (No. 18, 1968). Our opinion, in which we directed the entry of a decree nisi, was issued on July 29, 1968. Husband v. Wife, Del., 253 A.2d 63. Thereafter, additional proceedings took place in the Superior Court, following which the husband filed this appeal. He complained of several rulings made by the trial Court, viz: (1) its decision to make the *decree nisi* effective as of August 23, 1968; (2) its refusal to terminate alimony, to order repayment of prior alimony payments, or to allow any credit against future payments because of the wife's occupation of the home; (3) its refusal to issue a

writ of possession to evict the wife from the home; and (4) its stay of the entry of a final decree until ultimate determination of the wife's prayers for property division and suit expenses. For several reasons presently immaterial, promptly after hearing argument of counsel and reviewing the briefs and record, we issued a special mandate on November 20, 1968, approving certain holdings below and directing modifications in others. Our rulings, and the reasons therefor, are set forth herein.

## I

■ Our first mandate was received in the Superior Court on August 13, 1968. A conference took place between the trial Judge and counsel on August 23, 1968. A few days later, the trial Judge held that the *decree nisi* would be made effective as of this latter date. We are of the opinion that there was no adequate reason to justify the selection of this date; the mere fact that the conference happened to take place that day is of no legal significance and furnishes no reason for delaying the entry of the decree. We accordingly concluded that it should have been entered as of the date the mandate reached the Superior Court, since no cause was shown for any delay. Our later mandate therefore directed that the *decree nisi* be entered *nunc pro tunc* as of August 13, 1968.

## II

The appellant requested the trial Judge to terminate the prior award of alimony pendente immediately, to order restitution of that which had been previously paid, and in any event to credit against future payments a proper sum for the wife's occupation of the home. The application was refused, but the Court reduced the amount of the payments. The appellant charged error in this ruling, primarily on the theory that by her adultery the wife forfeited all right of support from the husband. He relied heavily upon the decision in Wood v. Wood, 39 Del.Ch. 523, 168 A.2d 102, which concerned a separate maintenance action in Chancery. A final divorce decree had been entered in the Superior Court in favor of the husband based upon the wife's desertion. He brought the Chancery action in an effort to enforce a pre-nuptial agreement concerning the religious training of their children. In a counterclaim, she sought an allowance for her support for the period from the date of separation to the date of the final divorce decree. The Vice-Chancellor denied any recovery by her because of the Superior Court's holding that she had wilfully deserted her husband. That decision finds support in 3 Nelson, Divorce and Annulment (2nd Ed.) § 32.20, and the cases therein cited.

In the present situation, we are concerned, not with an application for separate maintenance, but with temporary alimony *pendente lite* under the divorce statute, T. 13 Del.C. § 1530, which reads as follows:

"The court may grant alimony to the wife for her sustenance pending her petition for divorce, and order and direct the husband to pay such sum as is deemed necessary to defray the expenses in conducting her case, whether the application is on the part of either the wife or husband, and shall protect her from personal restraint. The court, in the execution of the powers conferred by this chapter, may employ such compulsory process as it deems proper."

■ In Brown v. Brown, 3 Terry 157, 29 A.2d 149, this statute was interpreted as giving power to the Superior Court to allow alimony *pendente lite* whether the husband or the wife was the plaintiff. The Court held that innocence of the wife is not necessarily a prerequisite. It stated:

"A legally blameless wife who patiently endures her wrongs, hoping that the circumstances may change, and only comes into Court to defend herself, is, perhaps, to be preferred to one who seeks the first opportunity to seek legal redress

for her grievances. Innocence and need would seem to be the only valid requisites for maintenance pendente lite, and, indeed, in the more modern view, innocence itself is not necessarily a requisite. It has come to be realized that while the marital contract remains undisturbed, the primary duty of support rests upon the husband, and not upon the public, and that a guilty wife may be just as hungry or as much in need, and equally liable to become a public charge as one who is without fault. Divorce is no longer an Ecclesiastical judgment for a spiritual offense or sin, but a necessity for the correction of social maladjustment."

It then pointed out that if the divorce be refused, the alimony ceases because the Court's jurisdiction ends; if a *decree nisi* be granted, continuance of the alimony until the date of a final decree rests in the sound discretion of the Court.[1]

We believe it is correct to say that the Superior Court has followed the precepts and philosophy of Brown v. Brown, *supra,* ever since its publication in 1942. Its language was quoted with approval by this Court is an annulment action. duPont v. duPont, 34 Del.Ch. 267, 103 A.2d 234. The Legislature has not seen fit to change T. 13 Del.C. § 1530 in any material way; on the contrary, our lawmakers have during the intervening years added emphasis to the statement that "divorce is * * * a necessity for the correction of social maladjustment" by broadening the grounds of divorce to include voluntary separation and incompatibility—neither of which connotes "spirtual offense or sin."

We are of the opinion that the *Wood* decision is not inconsistent with the *Brown* case, *supra.* There is respectable authority for the proposition that temporary alimony during the pendency of a divorce is to be viewed differently than permanent support in a separate mainte-

nance case. See 1 Nelson, Divorce and Annulment (2nd Ed.) § 12.38. In divorce cases, the important considerations are her monetary needs and the husband's ability to pay, determination of which usually is made before any determination of her innocence or guilt. Whether her needs require continuation of the alimony after an adverse *decree nisi* is a matter to be decided by the trial Judge, subject to reversal only for an abuse of discretion. Such is the present situation. The original order of the Court below remained unchanged until after our mandate directed the entry of a *decree nisi.* The Court then, on appellant's application, reviewed the matter and made the rulings mentioned above. After reviewing the record, we were unable to find that his conclusion constituted an abuse of discretion. We therefore declined to direct any change in these parts of the order entered below.

### III

The original order of the Court below providing for alimony contained a provision that the wife should continue to occupy the home, and that the husband should bear the cost of maintaining it. After our first mandate issued, the husband requested termination of this provision and sought a writ of possession to evict the wife. The Court below granted the prayer to strike the provision, but refused to issue a writ of possession. Appellant here charged error in this respect, pointing to the language of T. 13 Del.C. § 1531 as justifying the issuance of the writ. This section, in paragraph (a), provides for an allowance to the wife of a share of the husband's real and personal estate if a divorce is decreed for his aggression; if the divorce is decreed for her aggression, " * * * the court may restore the whole or a part of her real estate, and also such share of her husband's personal property as seems reasonable." Any such order does not become effective prior to the entry of a final decree. Town-

---

1. There is no provision in the Delaware law for permanent alimony. Beres v. Beres, 2 Storey 133, 154 A.2d 384.

send v. Townsend, 5 W.W.Harr. 493, 168 A. 67; Young v. Young, 2 W.W.Harr. 25, 118 A. 328. Paragraph (b) of § 1531 reads as follows:

> "Any allowance or division of property under subsection (a) of this section, may be by a gross sum, or an annual allowance, or an assignment by metes and bounds. The court may appoint commissioners to execute any order in the premises, and may issue writs of possession, as in case of land sold on execution process."

■ We are of the opinion that authority to issue writs of possession under this section applies only to those instances where the Court makes some allowance or division or restoration of real estate to the wife under paragraph (a), and where the use of the writ is necessary to render its order effectual. It is an ancillary power conferred to enable the Court to enforce its mandate. We are not aware of any authority in the trial Court to issue the writ in the circumstances here existing at the time of its ruling or indeed until such time as the property rights have been settled. Our mandate accordingly affirmed the denial of this request.

## IV

■ In entering a *decree nisi* pursuant to our first mandate, the Court below stayed the entry of the final decree "until a final order in connection with the application for a property division and counsel fees has been entered." This stay may have been based upon a belief that the trial Court's jurisdiction over the case ceases entirely upon the entry of a final divorce decree. We know of no reported Delaware decision so holding, and we perceive no reason why determination of these incidental or collateral matters should be foreclosed by the final decree, if the determination thereof be expressly reserved.[2] 2 Nel-

son, Divorce and Annulment (2nd Ed.) § 14.150. Under the statute, even without a reservation of power, jurisdiction of the Court continues after the final decree for certain purposes, such as an enforcement of its order for division of property or alteration of an order of custody of children. In other types of civil proceedings, the procedure of reserving determination of incidental matters after "final judgment" is frequently followed. Our divorce statute does not forbid the practice. The three-month waiting period between the *decree nisi* and the final decree is a "cooling-off" period provided in the hope that the parties may become reconciled and the marriage saved; that time limit may be extended if, for example, some matter is brought to the Court's attention suggesting that the *decree nisi* should be stricken. Walls v. Walls, Del., 197 A.2d 467. Certainly, the underlying reason for the existence of the waiting period has no bearing upon a division of the property or payment of expenses. Appellee relies upon Townsend v. Townsend, *supra,* and Young v. Young, *supra.* They do not reach the present question; they mean only that these collateral orders may not take effect prior to the entry of a final decree.

■ In the present case, we could see no "sufficient cause" to require the appellant to continue for some indefinite time beyond the statutory period to be the husband of a proven adulteress simply because of the pendency of her property and expense claims, when the record contains not even the slightest hint of any possibility of striking the *decree nisi*.

■ Appellee suggested to us that the stay should be kept in effect in order that she might continue to receive alimony until determination of her property and expense claims, for the reason that her need for support would continue until that time, as would her need for adequate representation during that part of the litigation. As-

---

2. Any practice to the contrary in the Superior Court is not so deep-rooted or firmly established as to bar the holding we make herein.

suming, without deciding, that these reasons would be adequate to justify a stay in a proper case, we found the record in this case insufficient to support the argument. Up to the present, she has received competent and vigorous representation, and there is no reason to believe that it will not continue to the end of the suit. The evidence shows that she has sufficient assets for her own support during what should be a very short period before the litigation is fully terminated. Our second mandate accordingly directed the entry of the final decree as of November 13, 1968 (the statutory three months after the August 13 effective date of the *decree nisi*), with a reservation of the right to consider and determine the pending petitions for restoration or division of property and the allowance of suit money.