**WIFE, H., Plaintiff,**

v.

**HUSBAND, H., Defendant.**

Superior Court of Delaware,
New Castle.

Dec. 13, 1972.

Louis L. Redding, Wilmington, for plaintiff.

Alfred M. Isaacs, Wilmington, for defendant.

BIFFERATO, Judge.

This matter comes before the Court by virtue of motions on behalf of the plaintiff for an allowance or division of property pursuant to 13 Del.C. § 1531 and for legal expenses pursuant to 13 Del.C. § 1530. The defendant has moved to dismiss the above petitions for lack of jurisdiction.

The facts are not in dispute. Plaintiff filed her divorce action, based on wilful desertion, in this Court on March 13, 1972. Jurisdiction over the defendant was obtained by personal service of summons and complaint upon him. The defendant filed no answer and did not appear at the hearing on May 12, 1972, at which a decree nisi was entered. On June 9, 1972, the plaintiff filed the two above-mentioned motions, together with an affidavit that copies of these papers had been mailed to the defendant, with the Prothonotary. A final decree issued on June 11, 1972. Counsel for the defendant filed his motion to dismiss on June 14, 1972, and the motion was presented to this Court on June 16, 1972.

In support of the motion to dismiss, defendant's counsel argues that this Court lacks jurisdiction to consider plaintiff's petitions since such prayers were not contained in the complaint in divorce nor referred to during the course of the hearing, and this Court did not specifically retain jurisdiction with regard to these matters before the issuance of the final decree.

The fact that such petitions were not contained in the complaint nor raised during the course of the hearing, as will be explained below, is not determinative. However, the fact that the plaintiff did not obtain a court order specifically retaining this Court's jurisdiction with regard to her petitions before the issuance of the final decree does dispose of this case.

As noted above, the decree nisi issued from this Court on May 12, 1972, and in accordance with 13 Del.C. § 1534 such

" . . . shall become absolute after the expiration of 30 days from the entry thereof, unless appealed from or proceedings for review are pending, or the court, before the expiration of said period for sufficient cause, upon its own motion, or upon the application of any person, whether interested or not, otherwise orders . . .".

No appeal, proceedings for review, or court order exists in the present instance. Thus, the final decree properly issued on June 11, 1972.

Having so determined that the final decree properly issued on June 11, 1972, the rule in Husband v. Wife, Del.Supr., 253 A.2d 67 (1969) must be applied. In that case, our Supreme Court held that the de-

termination of counsel fees and property division are not foreclosed by a final decree, "if the determination thereof be expressly reserved". See Husband v. Wife, supra, at 71. Thus, it is clear that an express reservation of jurisdiction must be made before the entry of the final decree in order to allow this Court to subsequently consider questions of property division and expenses.

No such order was sought or obtained from this Court in the present instance. This Court, therefore, has no jurisdiction over plaintiff's petitions, and defendant's motion to dismiss must be granted.

Plaintiff's arguments to the contrary are without merit. This Court's attention is first directed to Civil Rule 5(b), Del.C. Ann., which provides that service is complete upon mailing. This proposition is not disputed by the Court, but the mere perfection of service is not equivalent to an order of this Court reserving jurisdiction. Absent such an order, this Court lost jurisdiction when the decree became final on June 11, 1972. The plaintiff had a duty to obtain an order from this Court before the entry of the final decree; such an order was not obtained; and the plaintiff's mere filing with the Prothonotary is not sufficient.

Secondly, the plaintiff cites two cases in which the facts indicate that petitions for expenses and property allowance were filed after the issuance of the decree nisi. See Young v. Young, 2 W.W.Harr. 25, 118 A. 328 (Del.Super.1922); and Wife v. Husband, Del.Super., 283 A.2d 841 (1971). This Court does not dispute the fact that the petitions therein were apparently allowed to be filed after the issuance of the decree nisi. However, it must be noted that in *Young,* an order (referred to as a "rule" under the earlier procedure) had been issued by the Court before the entry of the final decree. Thus, the plaintiff therein followed the procedure as laid down in this opinion and the questions of property allowance and expenses were thereby reserved. Further, while the facts in Wife v. Husband, supra, are not sufficient to determine if a court order had been obtained, it must be presumed that the appropriate procedure of obtaining a court order before the issuance of the final decree had been followed. Finally, the decision in Vinyard v. Vinyard, 4 Terry 422, 48 A.2d 497 (Del.Super.1946) also supports the holding that a court order must issue.

Thus, although plaintiff's failure to include the petitions in the complaint or to refer to such at the hearing would not preclude this Court from entertaining the petitions, however, the plaintiff's failure to obtain a court order within the thirty day period between the decree nisi and the final decree does prevent this Court from presently determining these petitions.

Thirdly, the plaintiff argues that 13 Del.C., Section 1531(a)(2) gives the husband clear notice of the wife's right to a property allowance such that the husband cannot later be heard to contend that he refrained from contesting his wife's suit for divorce because he was unaware that she would seek allowance out of his property. This proposition may be true, although this Court does not rule on such at this time, but again it does not relieve the burden imposed on the plaintiff to first obtain a court order.

Finally, the Court refuses to set aside the final decree as suggested by the plaintiff.

Defendant's motion to dismiss is granted. It is so ordered.