**WIFE, H., Plaintiff Below, Appellant,**

v.

**HUSBAND, H., Defendant Below, Appellee.**

Supreme Court of Delaware.

May 31, 1973.

Louis L. Redding, Wilmington, for plaintiff below, appellant.

Alfred M. Isaacs, Flanzer & Isaacs, Wilmington, for defendant below, appellee.

Before WOLCOTT, Chief Justice, and CAREY and HERRMANN, Justices.

HERRMANN, Justice:

In this divorce case, the Superior Court dismissed the plaintiff wife's petition for allowance or division of property [1] and counsel fees [2] on the ground that it was

---

1. 13 Del.C. § 1531 provides:

"§ 1531. Allowance or division of property upon divorce

"(a) When a divorce shall be decreed in this State:

"(1) At the suit of the husband or the wife, whatever the grounds, the wife shall be restored to all her real estate;

"(2) At the suit of the wife on grounds other than non-age, voluntary separation or incompatibility, the wife shall be allowed out of her husband's real estate, personal estate, or both, such share as the court deems reasonable;

"(3) At the suit of the husband or the wife except as otherwise provided in this subsection, whatever the grounds, the wife may be allowed out of her husband's real estate, personal estate, or both, such share as the court deems reasonable.

"(b) Any allowance or division of the property under subsection (a) of this section may

be by a gross sum, annual allowance, or by an assignment by metes and bounds. The court may appoint commissioners to execute any order in the premises, and may issue writs of possession, as in the case of land sold on execution process."

2. 13 Del.C. § 1530 provides:

"§ 1530. Alimony and legal expenses

"The court may grant alimony to the wife for her sustenance pending her petition for divorce, and order and direct the husband to pay such sum as is deemed necessary to defray the expenses in conducting her case, whether the application is on the part of either the wife or husband, and shall protect her from personal restraint. The court, in the execution of the powers conferred by this chapter, may employ such compulsory process as it deems proper."

not brought to the Court's attention until after the divorce decree had become final;[3] that the Court had not expressly reserved jurisdiction; that, therefore, the Court lost jurisdiction upon the entry of the final decree. The Court based this ruling upon Husband v. Wife, Del.Supr., 253 A.2d 67 (1969). The opinion below is at 300 A.2d 22.

The plaintiff's petition for property allowance and counsel fees was filed in the office of the Prothonotary before the decree became final. The decree nisi was entered on May 12, immediately after the uncontested hearing during which no mention was made of plaintiff's intention to file a petition for property division or counsel fees. The petition for property division and counsel fees was filed in the office of the Prothonotary on June 9, with copies served on the defendant on June 11. On June 11, the final decree was entered. On June 14, the defendant served and filed a motion to dismiss the petition. On June 16, the petition for property division and counsel fees was presented to the Trial Judge. It was in the light of this sequence of events that the Court below dismissed the petition as coming too late, holding a resultant loss of jurisdiction.

The Superior Court's interpretation of the relevant language of this Court in Husband v. Wife, Del.Supr., 253 A.2d 67 (1969), is understandable. In that case, the Trial Court stayed the entry of the final decree of divorce "until a final order in connection with the application for a property division and counsel fees had been entered." In that connection, this Court stated: (253 A.2d at 71)

"This stay may have been based upon a belief that the trial Court's jurisdiction over the case ceases entirely upon the entry of a final divorce decree. We know of no reported Delaware decision so holding, and we perceive no reason why determination of these incidental or collateral matters should be foreclosed by the final decree, *if the determination thereof be expressly reserved*." (Emphasis supplied)

This dictum relative to reservation of jurisdiction perpetrates a concept which, we now think, should be modified in a case where (as here) the petition for property division and/or counsel fees was filed prior to the entry of the final decree. We find no valid reason, in such case, for requiring a mechanical expression of reservation of jurisdiction by the Trial Judge. Indeed, there are practical reasons for eliminating the need for such expression by the Trial Judge prior to the entry of the final decree, such as the latter's last-minute unavailability.

The pendency of a petition for property division and/or counsel fees, on file in the office of the Prothonotary prior to the entry of the final decree, should serve as notice to the Court that there are collateral matters to be determined before the decree should become final without reservation of jurisdiction. Whenever such petition is thus pending, it should be deemed, we think, an application for such reservation and a condition of the "application to the court by the plaintiff," under § 1534, for entry of a final decree; and, in such circumstance, the application for such reservation should be deemed automatically granted by operation of law, for the disposition of the unfinished collateral matters, raised by the petition, necessarily to be completed before the jurisdiction of the Court should be considered divested.

These rules of practice will be more consonant with fairness, justice, and orderly procedure than the formalistic jurisdictional requirement of an express reservation in all cases. Uniform application of such

3. 13 Del.C. § 1534 provides:
"§ 1534. Final and absolute decree.
"A decree nisi shall become absolute after the expiration of 30 days from the entry thereof, unless appealed from or proceedings for review are pending, or the court, before the expiration of said period for sufficient cause, upon its own motion, or upon the application of any person, whether interested or not, otherwise orders. At the expiration of 30 days such final and absolute decree shall be entered upon application to the court by the plaintiff, unless prior to that time cause is shown to the contrary."

rules will avoid the varying approaches to the problem now prevailing.

Any statement in Husband v. Wife, Del. Supr., 253 A.2d 67 (1969) inconsistent herewith is to be deemed no longer effective.

■ In the instant case, therefore, it is held that the jurisdiction of the Superior Court is deemed to have been reserved by reason of the pendency of the petition for property allowance and legal expenses.

Accordingly, the judgment below is reversed and the cause remanded for further proceedings consistent herewith.