**HUSBAND (S), Defendant below, Appellant,**

**v.**

**WIFE (S), Plaintiff below, Appellee.**

Supreme Court of Delaware.

Argued Feb. 14, 1975.

Decided March 21, 1975.

**218**

Edmund N. Carpenter, II, of Richards, Layton & Finger, Wilmington, for defendant below, appellant.

Victor F. Battaglia and Gary W. Aber, of Biggs & Battaglia, Wilmington, for plaintiff below, appellee.

Before HERRMANN, Chief Justice, DUFFY and McNEILLY, Justices.

McNEILLY, Justice:

Appellant seeks relief from an Order of the Superior Court staying the entry of a final decree of divorce under 13 Del.C. § 1534, the effect of which is to continue alimony *pendente lite* while property rights are being litigated.[1] Appellant contends that the Court did not have the power to postpone the entry of a final decree indefinitely over a long period of time during which the husband must pay alimony *pendente lite*, and that such an order would be contrary to public policy.

### I

A petition for divorce was filed on March 12, 1974 by appellee. Personal service was made on appellant the same day. Thereafter appellee served interrogatories seeking to inquire into appellant's property interests. Also sent were a notice of deposition, a request for production of documents and books, an affidavit of dependency,[2] and a petition for alimony *pendente lite*.

Pursuant to Superior Court procedure both parties filed reports detailing their assets and income. A hearing was held on April 26, 1974 and the Court issued an Order granting alimony *pendente lite* payable on May 1, 1974, and thereafter until further order of the Court.

On May 17, 1974 appellant filed an objection to appellee's request for production and objections to fourteen of appellee's interrogatories.

Subsequently, appellant declined to appear for the deposition or to respond to the interrogatories. By reason of his failure to submit to Court-ordered discovery, all appellant's pleadings were stricken on June 8, 1974.

On June 21, 1974 a hearing was held (uncontested) and a decree nisi was granted.

On June 28, 1974 the Court entered the Order here in dispute staying the entry of a final decree and specifically finding ". . . that the defendant has absented himself from the state and that he has attempted to place his assets beyond the reach of the Court . . . ."[3]

---

1. 13 Del.C. § 1534 provides: "A decree nisi shall become absolute after the expiration of 30 days from the entry thereof, unless appealed from or proceedings for review are pending, or the court, before the expiration of said period for sufficient cause, upon its own motion, or upon the application of any person, whether interested or not, otherwise orders. At the expiration of 30 days such final and absolute decree shall be entered upon application to the court by the plaintiff, unless prior to that time cause is shown to the contrary."

2. Appellant concedes appellee's "necessitous circumstances" for purposes of alimony *pendente lite* and this appeal.

3. At the time this Order was entered the Court had undisputed evidence before it of certain stock transfers (now in litigation in the Court of Chancery), the sale of a yacht owned by appellant, and the appellant's absence from the United States.

## II

Appellant's argument as to lack of statutory power in the Court to stay entry of the final decree is without merit. 13 Del.C. § 1534 specifically grants the necessary power "for sufficient cause". It is within the sound judicial discretion of the Trial Judge to determine from the facts before him if there is or is not sufficient cause to withhold entry of the final decree to continue *pendente lite* status. Each case must be determined on its own facts. In the absence of an abuse of discretion, this Court will not disturb the Trial Judge's determination. Husband v. Wife, Del.Supr., 253 A.2d 67 (1969). We find no abuse of discretion in the Trial Judge's finding of "sufficient cause" for the stay.

## III

Appellant contends that a stay of the entry of a final decree for the purpose of compelling a party to continue paying alimony *pendente lite* indefinitely is contrary to public policy. See 13 Del.C. § 1526.[4] Absent sufficient cause we agree. Incidental or collateral matters such as property division, counsel fees and enforcement or alteration of orders made during the pendency of the divorce litigation are not foreclosed by final divorce decree if determination of those matters is expressly reserved. See Husband v. Wife, supra. On the other hand, public policy dictates that in a proper case, as here, the Court may exercise sound judicial discretion in the interest of protecting a necessitous spouse who might monetarily be precluded by the entry of a final decree which would terminate alimony *pendente lite*, from continuing litigation of incidental or collateral matters against one who has absented himself from the State and who has attempted to place his assets beyond the reach of the Court.

Affirmed.

---

4. 13 Del. § 1526 provides: "The Court may grant alimony to the wife for her sustenance pending her petition for divorce, and order and direct the husband to pay such sum as is deemed necessary to defray the expenses in conducting her case, whether the application is on the part of either the wife or husband, and shall protect her from personal restraint. The Court, in the execution of the powers conferred by this chapter, may employ such compulsory process as it deems proper."