**WIFE J.**

v.

**HUSBAND J.**

Superior Court of Delaware,
New Castle.

Submitted Sept. 20, 1976.

Decided Nov. 10, 1976.

Louis L. Redding, Wilmington, for petitioner.

Arlen B. Mekler, Mekler & Maurer, Wilmington, for respondent.

TAYLOR, Judge.

The divorce petition was filed by wife on March 10, 1975. On June 25, 1975, the daughter of the parties died, leaving a life insurance policy which named wife as beneficiary, pursuant to which wife has received $26,225. Husband was served personally on March 18, 1975 and did not enter an appearance or file an answer. Trial was held and final decree of divorce was entered on January 23, 1976.

The issue before the Court is whether the proceeds of the life insurance policy which wife received should be considered "marital property" within the meaning of 13 Del.C. § 1513. Subsection (b) of § 1513 provides that "marital property" means "all property acquired by either party subsequent to the marriage . . .". The precise question therefore is whether property acquired by one spouse before entry of the divorce decree but after the filing of the divorce complaint and after the respondent has been served and the time for contesting the divorce proceeding has expired without the respondent having filed an answer challenging the complaint is "marital property" within the statutory definition.

13 Del.C. § 1517(a) creates a presumption that a marriage is irretrievably broken if the complaint makes such averment and the respondent does not deny it, and it further provides that "unless controverted by the evidence, the Court shall, after a hearing at which only petitioner need testify, make a finding that the marriage is irretrievably broken." Wife contends that this supports the proposition that marital acquisition ends prior to the divorce decree. The presumption created by the statute is rebuttable, subject to being controverted by the evidence. The failure of a respondent to challenge the allegations of the complaint does not entitle the petitioner to default judgment. 13 Del.C. § 1511(c). The petition may be denied if the Court is not satisfied from the evidence that the marriage is irretrievably broken. Hence, the granting of the decree of divorce under the circumstances present here was not a mere mechanical act which flowed as a matter of right from the aver-

ment of the complaint and the lack of denial by the respondent. It was dependent upon petitioner testifying at the hearing, the judicial evaluation of all of the evidence coming before the Court and the Court being satisfied that the marriage was irretrievably broken. 13 Del.C. § 1517(a).

■ Wife places great reliance upon *Painter v. Painter*, N.J.Supr., 65 N.J. 196, 320 A.2d 484 (1974). *Painter* states that "reading the [New Jersey] act literally, the terminal point which seemed to be the day the judgment of divorce is granted." The Court then discussed various policy considerations. It notes that using the date of the decree as the marital property date would require a bifurcated trial since it would not be possible to submit evidence on the day of the divorce hearing to show the value of the property on that date. The Court also notes that the date when the marital relationship was irretrievably broken might also be considered as a terminal date and rejects this. The Court concludes that by fixing the terminal date on the date of filing of the complaint, there is ample opportunity for discovery and preparation of evidence of value of the property based on the filing date and to be prepared to present evidence on the property division matter at the same time as the hearing on the merits of the divorce. In contrast to the policy which persuaded the New Jersey Supreme Court to its holding in *Painter*, the practice in Delaware has been generally to hold the hearing on division of property at a time subsequent to the hearing on the merits of the divorce. 13 Del.C. § 1518(b).

■■ Turning to the policy considerations which should govern this question in this State, no statutory provision or judicial decision has been cited which indicates a legislative policy that the marriage should be considered as being legally terminated prior to entry of a final decree of divorce. The responsibility of a spouse for the support of the other spouse, under the proper circumstances, continues until entry of the final divorce decree. *Husband v. Wife*, Del.Supr., 253 A.2d 67 (1969); *Husband S. v. Wife S.*, Del.Supr., 336 A.2d 217 (1975). Responsibility for legal expenses of a needy spouse extends to the final disposition of the divorce and ancillary matters. *Wife v. Husband*, Del. Supr., 269 A.2d 214 (1970). I find nothing in the statute or decisions of this State that interrupts the marital status prior to the divorce decree. No sound reason has been presented for terminating the marital status for purposes of marital property at an earlier time than the date the marital status is terminated for purposes of the divorce itself. By contrast, the Delaware Supreme Court has held that the sale of marital property after this Court's decision (but before order) dividing the property should be given consideration in evaluating marital property for property division under the Delaware divorce law. *Wife F. v. Husband F.*, Del.Supr., 358 A.2d 714 (per curiam opinion May 13, 1976).

■ I conclude that, in the absence of unfair tactics by the other spouse, property received by a spouse subsequent to the marriage and prior to the divorce decree is marital property, unless excluded under 13 Del.C. § 1513, and should be given due consideration in the property division. *Wife W. v. Husband W.*, Del.Super., 307 A.2d 812 (1973), aff'd. *W. Appellant v. W. Appellee*, Del.Supr., 339 A.2d 726 (1975).