MARY A. POWELL,

*vs.*

ALFRED M. POWELL.

*Kent, Feb.* 20, 1920.

In a wife's suit to recover from her husband moneys belonging to her, where, on rule to show cause why preliminary injunction should not be issued to restrain him from conveying real estate pending a final hearing, defendant filed an affidavit to which was annexed a copy of the record of complainant's divorce suit, a petition which alleged that defendant had mingled complainant's property with his, and prayed for a share of defendant's real and personal estate, the argument by defendant's solicitor of *res judicata* had the effect of turning defendant's affidavit into a plea.

Action is not barred by prior suit, unless it be shown, either by the record or by extrinsic evidence, that the same question was necessarily raised and determined in the former suit.

In view of Revised Code, 1915, §§ 3018, 3019, as to allowance to wife in divorce for husband's fault, decree in wife's divorce action, simply ordering husband to pay wife a certain sum without stating details, *held* a bar to the wife's suit against husband to recover her moneys held by him.

In wife's suit to recover from her divorced husband moneys belonging to her, it was within the court's discretion to deny her prayer for injunction to restrain a conveyance by defendant of his real estate pending the hearing of the cause, where her demands were very stale, and might have been enforced at any time during the 15 years preceding suit, and there was no denial by complainant of a settlement and release by her, which was referred to in defendant's affidavit on rule to show cause why preliminary injunction should not be awarded.

BILL FOR AN ACCOUNTING AND INJUNCTION. The complainant, the wife of the defendant, had at the time of filing the bill instituted divorce proceedings in the Superior Court against her husband, and filed this bill for an accounting for certain real estate alleged to have been bought with her money, and pending final hearing asked for an injunction to restrain disposition of the real estate by the defendant. A restraining order was issued and a rule to show cause why a preliminary injunction should not be granted. At the return of the rule the cause was heard on bill and affidavits. The facts appear in the opinion of the Chancellor.

*James H. Hughes* and *John D. Hawkins,* for the complainants
*Arley B. Magee,* for the defendant.

THE CHANCELLOR. On December 16, 1919, the complainant,. bill was filed to recover back from her husband, the defendant' moneys belonging to her, being the proceeds of sale by him of property belonging to her. In 1904, while living as husband and wife with the defendant, the complainant was arrested and since then has been in jail serving a sentence of imprisonment for life. She alleges that he owns real estate in Dover bought with her money, and that he has refused to account to her; that she had obtained a decree *nisi* in a suit for divorce from him, and feared that he would dispose of his real estate to defeat the recovery by her of the money due her. It was also alleged that the complainant had paid premiums on a policy of insurance on her life, and that he refused to give her possession of the policy. The prayers were for an account and injunction to restrain a conveyance by him of the real estate pending the hearing of the cause. A rule for a preliminary injunction was granted, and the defendant was restrained pending the hearing of the rule.

At the hearing of the rule on February 5, 1920, no evidence was offered by the complainant, except an affidavit made by herself. The defendant had filed on January 6 an affidavit made by him denying the allegations of the bill, alleging a settlement on Februaray 14, 1904, with the complainant, and the giving by her of a release to him which release had been stolen from the defendant in 1918 and was not produced. A copy of the record of the suit of the complainant for a divorce was annexed to the affidavit of the defendant, and by it it appeared that in the petition

the complainant alleged that her husband had taken her property, mixed it with his own, owned real estate and other property bought in a great measure by her money, and which was of right her property. In addition to praying for a divorce for adultery she prayed that she be allowed out of her husband's real and personal estate such share as the court shall deem reasonable. A decree *nisi* was entered in her favor on December 16, 1918. On December 3, 1919, a rule on the defendant to show cause why the complainant should not have the allowance prayed for from her husband's property was heard by the Superior Court, the complainant and defendant being present and represented by counsel, and in the final decree made on December 17, 1919, the day after this bill was filed in this court, the Superior Court simply ordered the defendant to pay to the complainant five hundred dollars without stating any details.

It was argued by the solicitor for the defendant that the main subject-matter of the bill had been adjudicated in the Superior Court, and that that judgment was a bar to the maintenance of the cause in this court, all of the requisite conditions being present, viz. Identity (1) of the thing sued for; (2) of the cause of action; (3) the persons and parties to the action; and (4) of the quality of the persons for and against whom the claim is made. This is turning an affidavit into a plea, but for the purposes of the rule this does not matter. *Sill v. Kentucky, etc., Co.*, 11 *Del. Ch.* 93, 97 *Atl.* 617. The four conditions are present, as to the claim of the complainant against the defendant set up in the bill except as to the policy of insurance on her life. But the complainant's solicitor urges that the Superior Court did not have jurisdiction to restore to her her personal property, and that the award of five hundred dollars to her must necessarily have been intended as an allowance to her from his property, and that he must still account to her for her property.

To be a second suit it must be shown either by the record, or by extrinsic evidence, that the same question was necessarily raised and determined in the former suit. *Russell v. Place*, 94 *U. S.* 606, 24 *L. Ed.* 214; *Hudson v. Layton, ante p.* 106, 107 *Atl.* 785. Does it so appear here from the record? The answer to this depends on a consideration of the statute. By *paragraph* 3018, *p.*

1416, *of the Revised Code*, for the aggression of the husband the wife shall be restored to all her real estate and be allowed out of her husband's real and personal estate such share as the court shall think reasonable. By *paragraph* 3019 the allowance, or division, may be by a gross sum, or an annual allowance, or an assignment by metes and bounds. The provision in *paragraph* 3018 first appeared in its present form in the *Revised Code of* 1852. The first legislation on the subject was in the act passed February 3, 1832, giving to the Superior Court jurisdiction of divorces. 8 *Del. Laws, c.* 144, *p.* 148. *Section* 5 thereof is substantially the same as the present statute, and is as follows:

"That when a divorce shall be decreed in the case of the agression of the husband, the woman shall be restored to all her lands and tenements, and be allowed out of the husband's real and personal estate, such share as the court shall think reasonable, *having regard to the personal property that came to him by the marriage, and his estate at the time of the divorce."*

In 1832, and also in 1852, the rights of a husband over his wife's estate were those given at common law unaffected by the statutes. When those acts were passed it was not appropriate to provide for a restoration to the woman of her personal property, for if he had taken it it was his absolutely, and so allowances to her were made from his estate. But in these latter days when the fullest power has been given to a married woman over her own property, it seems odd that the statute should not have been changed so as to restore to her any of her property which he may have taken and held from her. The answer to the question is, that when granted a divorce she could by proceedings at law enforce her rights, and during coverture enforce them in Chancery.

Had the Superior Court jurisdiction to require the defendant to pay to his wife in money an equivalent for the property belonging to her which she alleges he took and holds? After an examination of the decisions of the state, I find only one case bearing on the subject. In *Kingsberry v. Kingsberry, 3 Har.* 8 (1839), the court not only restored to the wife, the petitioner, her lands, but also "directed the transfer to her of certain securities that belonged to her before the marriage, and the restoration of a servant boy; and allowed to her out of her husband's estate the sum of one thousand dollars." The report does not state more

than the form of relief, as above stated. At this time the act of 1832 had not been changed. Does that make a difference? This cited case was under the act of 1832. But I do not see that the words italicized in the above quotation of that act makes that act as applied to this case different from the present act. There was an order restoring to the wife her own personal property, consisting of securities and a slave. That cited case does justify the conclusion that the Superior Court had power to allow the complainant from her husband's estate the money which she claims in this court. It also appears from the record of the case in the Superior Court that the questions here raised were necessarily raised and decided there. It follows that the sum of five hundred dollars was an adjudication in favor of the complainant of what she here demands, and when properly pleaded will be a bar to a further presentation of this suit, except as to the insurance policy.

The questions here discussed were raised on a rule to show cause why a preliminary injunction should not be awarded, and that also involves a continuance of the restraining order.

It further appears that the demands are very stale and might have been enforced at any time during the last fifteen years. Also there is no denial of the settlement and release referred to in the affidavit of the defendant.

For all of these reasons the discretion of the court to grant or continue injunctive relief is not moved to assist the complainant further, and the rule will be discharged and the restraining order dissolved.

The questions of law raised are discussed more fully than is usual at such preliminary hearings, but it seemed best to do so in this case in denying the relief, and an expression of my views may assist an amicable settlement of the differences between the parties without prolonging the litigation.

The rule will be discharged and the restraining order dissolved.