In the Matter of the Real Estate of JOHN P. JOSEPH and MARGARET E. JOSEPH.

*New Castle, June* 11, 1926.

WOLCOTT, Presiding Judge, sitting.

*James R. Morford*, of the firm of Marvel, Layton, Hughes & Morford, for Margaret E. Joseph.

*Henry R. Isaacs* and *J. La Penne Guenveur*, for John P. Joseph.

WOLCOTT, Presiding Judge. The contest in this matter is solely between Margaret E. Joseph and John P. Joseph, her former husband. There is no showing whatever to the effect that Mrs. Joseph ever paid from her own moneys any of the payments upon the stock subscribed for and standing in Mr. Joseph's name. Her attorney admits that we must assume that Mr. Joseph made all the payments with his own funds. Mrs. Joseph therefore makes no pretense of having any sort of interest as equitable owner in either all or any part of the shares of stock standing in her former hus-

band's name and now held as collateral security for the payment of the mortgages. If the present value of the shares is to be consumed by reducing the joint mortgage indebtedness, it is apparent that Mr. Joseph will be made in effect to bear more than his equal part of the obligation. For this court to visit such a result upon him would be quite out of harmony with the principles upon which its orders and decrees are directed by statute (*Revised Code* 1915, *par.* 3301) to conform themselves, the statute conferring upon the Orphans' Court "general equity powers touching the subject-matter" of partition causes and authorizing "any order or decree not inconsistent with the provisions of this chapter touching causes in partition, or matters incidental or pertaining thereto, which the right or justice of the cause may demand."

Unless, therefore, Mrs. Joseph can support her position on some other theory her contention must be rejected. Her attorney advances such theory by saying that when Mr. Joseph made payments on account of the stock he thereby as a matter of law made payments on account of the mortgages for which the stock was held as collateral, and if so the result follows that the mortgage debts have been reduced *pro tanto*. To this it is first to be said that under the law of this State payments on stock by a mortgagor-borrower from a building and loan association are not *ipso facto* payments on the mortgage debt *pro tanto*, even if the stock is assigned as collateral. *Trustees of Mutual Loan Asso. v. Tyre*, 3 *Boyce* (26 *Del.*) 88, 81 *A.* 48. Under this rule, the payments by Mr. Joseph upon his stock were not payments upon the mortgage. But the attorney for Mrs. Joseph contends that the rule laid down in the case from 3 *Boyce* (26 *Del.*) 88, 81 *A.* 48, is not applicable here, because in that case the building and loan association was insolvent, whereas here it is not.

How the applicability of the rule which is confessedly applied to a case where the building and loan association is insolvent is rendered less so if the association is solvent, is not clear to me and the reason for such alleged distinction was not pointed out at the argument. Indeed, it would seem that if the rule is applied in case of insolvency on the part of the building and loan association, it ought with stronger reason be applied where solvency exists, because in the latter case the question is not complicated by rival equities as

between the members which might supply some claim in behalf of the borrowing member for special consideration. That a different rule from that which admittedly prevails in this State where the association is insolvent, is not recognized by this jurisdiction as existing when solvency exists, would appear from the case of *National B., L. & P. Ass'n. v. Alfree*, 4 *Boyce* (27 *Del.*) 434, 89 *A.* 55. That was a case where the association was a solvent, going concern and the same rule which was laid down in the case from 3 *Boyce* (26 *Del.*) 88, 81 *A.* 48, was adopted as governing the relations between the association and a borrowing member. In that case (4 *Boyce* [27 *Del.*] 434, 89 *A.* 55) it was held that the monthly dues paid by a borrowing member who had assigned his stock as collateral security to a mortgage did not *ipso facto* become payments on the mortgage; and that a contention that by reason of such payments the mortgage had been paid and was therefore held to secure a different indebtedness was not sustainable.

Under the decisions of this State, therefore, it appears that the outstanding mortgages are entitled to be regarded as due and payable in their full amount with interest. This is the result of the matter when considered solely as a controversy between the building and loan association and Mr. Joseph. But when the controversy is regarded as one between Mr. Joseph and his former wife, the equity of the situation is entirely in favor of him, for there can be no right or justice in appropriating payments made by him upon shares of stock, acquired in his name and which he assigned as collateral to the joint indebtedness, to a reduction of the joint obligation. That would be making him bear more than his equal burden of the debt.

Let an order be prepared accordingly.