OWEN G. SIDWELL *v.* JOSEPHINE E. SIDWELL.

(*March* 20, 1933.)

RODNEY, J., sitting.

*John W. Huxley, Jr.,* for plaintiff.

*W. Thomas Knowles* for defendant.

Superior Court for New Castle County, Petition for divorce, No. 212, September Term, 1931.

RODNEY, J., delivering the opinion of the Court:

I shall first consider the matter of the real estate.

■ ■ The statute expressly states that in a divorce for the aggression of the wife she shall be "restored" to a whole or a part of her real estate. I am clearly of the opinion that in such a case the word "restored" gives to the statute a meaning that there shall be returned to the wife or that she shall be reinvested with the real estate or a part thereof which she had at the time of marriage or which she acquired during the marriage and as to which the husband had obtained some right or rights by virtue of the marriage. The wife had no real estate at the time of her marriage and has acquired none during the marriage with the exception of whatever interest she holds as tenant by the entirety. An estate by the entirety has very peculiar

characteristics. It is not necessary here to elaborate upon it. Many are set out in *Heitz v. Sayers,* 2 *W. W. Harr.* (32 *Del.*) 207, 121 *A.* 225, 228; *Hurd v. Hughes,* 12 *Del. Ch.* 188, 109 *A.* 418; *Kunz v. Kurtz,* 8 *Del. Ch.* 404, 68 *A.* 450. While it is true that in *Heitz v. Sayers, supra,* it is held that the interest of a wife in an estate by the entirety constitutes her "sole and separate property" within the contemplation of the *Married Women's Act* (*Revised Code* 1915, *c.* 87), yet as pointed out in cited cases the rights of the wife or other owner may be and are limited by any legal restrictions arising from the nature of the estate. One predominant incident of an estate by the entirety is that the holders thereof hold nothing in severalty during the marriage, but their tenure is by entirety.

In the present case no final decree in divorce has yet been granted. It is unnecessary to consider the effect of the final decree upon the estate by entirety. That question has not been considered in Delaware in any reported case, but there have been a number of partition causes in the Orphans' Court brought after divorce, to partition real estate which has been conveyed to the parties during marriage by estates by entireties. *In re Joseph,* 15 *Del. Ch.* 455, 133 *A.* 696; *In re Richard* (1931), *O. C. Record New Castle County* V-3-466. In these cases the tenants by entirety, after divorce, were treated as tenants in common. This is in accord with the great weight of authority. *Bernatavicius v. Bernatavicius,* 259 *Mass.* 486, 156 *N. E.* 685, 52 *A. L. R.* 886, and the authorities cited therein and in 52 *A. L. R.* 890 and 59 *A. L. R.* 718. The rule in Pennsylvania and one or two states is otherwise. *Alles v. Lyon,* 216 *Pa.* 604, 66 *A.* 81, 10 *L. R. A.* (*N. S.*) 463, 116 *Am. St. Rep.* 791, 9 *Ann. Cas.* 137; *O'Malley v. O'Malley,* 272 *Pa.* 528, 116 *A.* 500.

I am of the opinion that the interest of the wife in an estate by entirety is not such real estate as could be "restored" to her under the provisions of the statute. It is not suggested that this Court has any power in the prem-

ises, except as such authority is derived from the statute itself. In 2 *Bishop in Marriage & Divorce,* § 1117, it is said that the statutes authorizing the division of property are the sole foundation for it.

*Keezer on Marriage and Divorce,* § 675, states

"That the power of the courts to deal with the property rights of the parties to a divorce proceeding is wholly statutory. In the absence of statutory authority the Courts may not determine such rights."

■ Two. As to the personal property:

When the statute provides that the Court may decree to the wife such part of the husband's personal property as may seem reasonable, it means, I think, that the Court must act upon the personal property owned by the husband or in which he has an interest at the time of the application for division or, possibly, at the time of the filing of the petition for divorce. It cannot embrace personal property to be acquired in the future, nor personal property owned in the past, but in which he has now no interest, unless perhaps such personal property has been disposed of to defeat the jurisdiction of the Court. It is not suggested that this has happened, nor is it shown that at present the husband is possessed of any personal property whatever. If the determination of the personal property owned at the time of the filing of the petition for divorce or at the time of the application for division of the property, then it is difficult to see what yardstick of the law could be used to measure or determine what proportion could be deemed "reasonable" to assign to the wife. In *Grubb v. Grubb,* 1 *Harr.* 516, under a statute (8 *Del. Laws* 176) almost exactly similar to the present, the Court, in restoring the wife's property, considered also waste committed by the husband, but restricted the waste to that done after the petition was filed.

■■ This Court is asked to have an accounting of the rents received by the husband as tenant by the entirety

and if a balance is disclosed over the expenses paid, then to decree such balance, or a part thereof, to the wife, as presently existing personal property under the statute notwithstanding the fact that such balance, if any there ever was, is not now in possession. This Court has no such power. While the statute does grant to the common law Court hearing the divorce certain equitable powers, yet these powers are statutory and to be exercised within the limits prescribed by the statute itself. There is no power to decree a general account, nor to draw the distinction between the right to receive the rents from an estate by entirety after the separation of the husband and the wife and the right to receive such rents before the date of such separation. The authorities on the question of the right to rents arising out of property held as an estate by entirety are not in entire harmony and are collected in the note in 27 *A. L. R.* 264.

There being no real estate or personal property over which this Court can exercise jurisdiction under the present petition, the said petition is, therefore, dismissed, leaving the petitioner to obtain her interest in the real estate, or the accounting of the rents already received, in such other proceeding as may be appropriate.