CAROLINE N. BERES, Plaintiff, v. NICHOLAS BERES, Defendant.

(*July* 7, 1959.)

CHRISTIE, J., sitting.

*C. W. Berl, Jr.*, for Plaintiff.

*A. James Gallo* for Defendant.

Superior Court for New Castle County, No. 6, Civil Action, 1959.

CHRISTIE, J.:

Plaintiff and defendant were married on May 29, 1941. After an uncontested divorce hearing this Court found that defendant was guilty of wilful desertion and a decree *nisi* has been entered.

Plaintiff also demanded a property distribution in the form of an annual allowance as provided by 13 *Delaware Code* § 1531 and attorney's fees.

At the hearing on March 24, 1959, there was evidence that plaintiff's reasonable living expenses exceed her earnings. The evidence also shows that neither party has a separate estate of any real substance. Defendant's property consists of an automobile, a small sum of cash, three shares of duPont common stock and the undetermined cash surrender value of a $10,000 life insurance policy.

There is evidence that the defendant has a yearly income in excess of $10,000 as an employee of the duPont Company. His reasonable expenses are less than his income.

■ Plaintiff seeks an allowance not based upon defendant's existing property but rather upon plaintiff's need and defendant's ability to pay from future earnings. Because such allowance appeared to amount to what is usually called "permanent alimony" which has not heretofore been awarded in Delaware, the matter was fully briefed and argued by the parties.

Plaintiff takes the position that this Court's jurisdiction as to alimony stems from the following provision of Article 2 of the State Constitution, *Del. C. Ann.*:

"Section 18. No divorce shall be granted, nor alimony allowed, except by the judgment of a court, as shall be prescribed by general and uniform law."

It is plaintiff's contention that in view of the constitutional provision the statute granting Superior Court jurisdiction as to divorces carries with it jurisdiction to award "permanent alimony". Plaintiff further maintains that 13 *Delaware Code* § 1531 which authorizes an allowance or division of property in connection with a divorce does not limit the inherent or implied jurisdiction of this Court to award alimony. Finally, plaintiff maintains that in any event a property allowance from future earnings is within the scope of this Court's statutory authority under 13 *Delaware Code* § 1531.

Defendant, on the other hand, maintains that under the quoted constitutional provision the Court has only such jurisdiction as to alimony as is prescribed by general and uniform law as contained in specific statutory enactments. Defendant further argues that there is no statute authorizing the payment of "permanent alimony", *i.e.*, alimony extending beyond the final decree of divorce, and that the Court is without jurisdiction to award any property division or allowance based on property not owned by the parties at the time of the divorce.

The usual rule in respect to "permanent alimony" is that an award of "permanent alimony" may be made only pursuant to express statutory provision. 17 *Am. Jur.* Divorce and Separation § 581; 2 *Nelson Divorce and Annulment* § 14.11; *Feldman v. Feldman*, 1953, 236 *N. C.* 731, 73 *S. E.* 2d 865. There is some authority to the contrary. *In re Cave*, 1901, 26 *Wash.* 213, 66 *P.* 425.

I find no merit in plaintiff's contention that this Court has inherent or implied powers which would authorize it to make an award of "permanent alimony". The constitutional provision, enacted to limit jurisdiction over divorce and alimony matters to the court or courts designated in specific legislation, also makes it clear that such court or courts may act as to divorce and alimony only under and pursuant to specific statutory provisions. Since the only alimony authorized by statute is temporary alimony, which terminates upon the issuing of a final decree of divorce, the Court is without authority to award any other kind of alimony.

The only comfort plaintiff can take from the constitutional provision is that under it the Legislature may enact statutes pursuant to which a court is authorized to grant the allowance here sought. However, if this Court has any authority to grant such allowance it must be found in the broad language of a statute, since I have held that such authority cannot be implied from the limiting language of the Constitution.

■ Plaintiff argues that such authority to grant the alimony in the form of an allowance or division of property is found in 13 *Delaware Code* § 1531.

Under Section 1531 the wife is to be "allowed, out of her husband's * * * personal estate, such share as the court thinks reasonable" and any such "allowance or division of property * * * may be by gross sum, or an annual allowance".

Plaintiff points to the term "annual allowance" as indicating statutory authority to grant an allowance from future earnings. But no where in the statute is there any use of the word alimony nor is there any indication that payments other than those based on division of property then held by the parties is intended.

Many situations can be visualized where the division of property then held would be most satisfactorily carried out by an annual allowance rather than a lump sum payment. A valuable family business retained by a husband might be destroyed if a large sum must be raised on short notice, but the withdrawal of reasonable sums over the years based on the value of the business at the time of divorce might enable the husband to retain the business. Likewise, a court could find that a wife entitled to a property allowance should not be shouldered with the responsibility of the entire allowance at one time.

I conclude that authorization to award an annual allowance, as a part of a wife's share to her husband's estate, does not amount to authorization to award "permanent alimony" or to make a property allowance or division involving property not yet acquired by the husband.

■ Plaintiff cites cases in which the income of the parties is listed as a relevant factor in connection with the division of property. I am of the opinion that the present and probable future income of the parties is relevant here. The relevance of these factors in determining the fair and equitable division of

138

existing property, however, does not establish jurisdiction to make allowances from or on account of property other than that held at the time.

I conclude that this Court has no jurisdiction to award the alimony here sought or to make a property allowance or division not based on property now held by defendant. Accordingly, the division here made is based on property now held by defendant.

Under all the circumstances, I conclude that a reasonable division to be allowed to plaintiff is $500 plus costs and attorney's fees.