**HUSBAND, Plaintiff,**

v.

**WIFE, Defendant.**

Superior Court of Delaware, New Castle.

March 12, 1969.

James M. Tunnell, Jr., of Morris, Nichols, Arsht & Tunnell, Wilmington, for plaintiff.

Vincent A. Theisen, of Theisen & Lank, Wilmington, for defendant.

OPINION

WRIGHT, Justice.

Plaintiff husband, after a bitter trial in which the wife's testimony was ultimately found to be false, was granted a divorce from defendant wife on grounds of adultery. Defendant wife now seeks an award of a portion of plaintiff husband's property under 13 Del.C. § 1531, and an allowance of suit monies under 13 Del.C. § 1530. Plaintiff has moved for summary judgment as to both claims; asserting as to the property award sought that where the wife is guilty of adultery and brought no property to the marriage, the court is without jurisdiction to enter such an award, and that even if such jurisdiction existed, it would be an abuse of discretion to exercise it;

and asserting as to the request for an allowance of suit monies that where the defense asserted is proven to be fraudulent, the court has no power to award expenses incurred in asserting the defense. It is conceded that the wife brought no property of significance into the marriage nor contributed any subsequently.

The first question presented, therefore, is whether the court has the power to make an award to defendant from property of the plaintiff where the divorce was granted for defendant's adultery and defendant contributed no property at the time of the marriage or thereafter. 13 Del.C. § 1531 (a), the relevant statutory provision, provides as follows:

> "(a) When a divorce shall be decreed for the aggression of the husband, the complainant shall be restored to all her real estate, and allowed, out of her husband's real and personal estate, such share as the court thinks reasonable; but if the divorce be for the wife's aggression, the court may restore the whole or a part of her real estate, and also such share of her husband's personal property as seems reasonable."

Plaintiff asserts that since the Legislature, in authorizing an award to an aggressor wife, conspicuously omitted authorization of an "allowance" to the aggressor wife from the husband's personal property, as was specifically provided for in the case of a non-aggressor wife, then it must have been intended that the aggressor wife was entitled only to be "restored" to a fair equivalent of what she contributed to the husband's property at the time of and during the marriage. Thus, he argues, where the aggressor wife brought no property to the marriage at the time of or during the marriage, she is entitled to nothing. Defendant wife, on the other hand, asserts that the legislative background of 13 Del. C. § 1531 (a), and the history of the law pertaining to married women's property rights indicates that the Legislature intended that any "restoration" to an aggressor

wife contemplated by the second clause of 13 Del.C. § 1531(a) must necessarily be in the form of an "allowance" from the husband's personal estate, and that the amount of this allowance is not limited to the amount of property brought to the marriage by the wife.

The heart of the problem centers around the Legislature's provision that a non-aggressor wife shall be *allowed* property from her husband's real and personal estate but that an aggressor wife may only be *restored* to property from her husband's personal estate. Defendant asserts that the Legislature's use of the provision for allowance was originally necessitated by the non-existence of married women's property rights prior to enactment of the Married Women's Property Act (13 Del.C. § 311). Since women had no property rights to which they could be restored, restoration was inappropriate and provision for allowance was necessary. See Powell v. Powell, 12 Del.Ch. 169, 109 A. 1 (1920). Thus, defendant asserts, since restoration of property to an aggressor wife must appropriately include authority to award an allowance, the Legislature, in providing for restoration of property to an aggressor wife also, necesarily authorized an allowance. However, in the face of the Legislature's explicit authorization of an "allowance" to a non-aggressor wife and express exclusion of a provision for allowance to an aggressor wife, providing for "restoration" only, defendant's contention must fail.

■ The predecessor of 13 Del.C. § 1531 enacted in 8 Del.Laws, Ch. 144, Sec. 5 (1832) explicitly provided that the amount of property which came to the husband by the marriage was to be a factor in determining the reasonableness of an allowance to a non-agreessor wife. The omission of this provision from the predecessor of 13 Del.C. § 1531, enacted in 1852 (Del.Rev.Code 1852, Ch. 75, Sec. 9), is further indication that the amount of property coming to the husband by the

marriage was only one factor to be considered in determining the allowance, and that the amount of an allowance to a non-aggressor wife was not to be limited thereby. As the *Powell* case, *supra,* indicates, the allowance authorized a non-aggressor wife, necessarily includes "restoration" of a fair equivalent of what the non-aggressor wife contributed to the husband's property. The fact, however, that an allowance to a non-aggressor necessarily includes restoration can in no way be authority for the proposition that the provision for restoration to *aggressor* wife also includes authority to award an allowance in excess of the fair equivalent of what the aggressor wife contributed to the husband's property. Since the defendant wife in the instant case contributed nothing to the husband's property, either at the time of the marriage or thereafter, this court is without jurisdiction to award her any of the husband's property. In arriving at this decision, the court is not unmindful of the decision of Judge Rodney in Brown v. Brown, 3 Terry 157, 29 A.2d 149 (Del.Super.1942), wherein an allowance was made to an aggressor wife. However, the facts as reported in that case make no reference to whether the allowance represented anything more than the fair equivalent of what the wife contributed to the husband's property at or during the marriage. (Indeed, the facts indicate that at the time of the divorce the wife was holding a job.)

As this court is without jurisdiction to award any of the husband's property to defendant wife, it is unnecessary to consider the appropriateness of such an award.

■ The second question presented is whether this court has the power to award suit monies to defendant wife where she gave what was later found to be, in effect, perjured testimony in the trial on the merits prior to being found to have committed adultery, even though her financial necessity is demonstrated. 13 Del.C. § 1530 authorizes the court to " * * * order and direct the husband to pay such sum as is deemed necessary to defray the expenses in conducting her case, * * *." Plaintiff husband asserts that since the evidence presented on the merits of the case clearly established defendant wife's adultery, any expenses incurred by defendant wife in an effort to fraudulently assert a denial of such adultery cannot be deemed "necessary".

The plaintiff's position in this connection must be rejected.

Every defendant whose defense to a charge of adultery in a divorce proceeding fails will be in the precise position as is the defendant because the only defense to a charge of adultery is a denial of the charge.

Judges must resolve such issues, which are often close questions, by application of the preponderance of the evidence principle. Ultimate truth is, of course, always the goal but it cannot always be said with certainty that this goal has been reached.

Should plaintiff's position upon this point be sustained a necessitous defendant's attorney in an adultery proceeding would not hence forth be compensated unless he prevailed. To so hold would, in my judgment, be a tortured construction of the statute.

Upon presentation an order conforming to this opinion will be entered.