**WIFE, Defendant Below, Appellant,**

v.

**HUSBAND, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

Oct. 10, 1969.

Vincent A. Theisen, and John G. Mulford, of Theisen, Lank & Kelleher, Wilmington, for defendant below, appellant.

James M. Tunnell, Jr., and David A. Drexler, of Morris, Nichols, Arsht & Tunnell, Wilmington, for plaintiff below, appellee.

WOLCOTT, Chief Justice, and CAREY and HERRMANN, JJ., sitting.

CAREY, Justice:

In this appeal, the appellant wife, defendant in a divorce action, asks us to reverse the denial by the Superior Court of her prayer for an allowance out of the husband's personal property. The husband was granted a divorce on the ground of adultery. It is undisputed that the wife contributed nothing of monetary value to the husband's assets at the time of the marriage or thereafter. The Court below held that it had no power in this situation to make any allowance to the wife; it interpreted the statute (T. 13 Del.C. § 1531) as limiting its power to a "restoration" of the fair equivalent of what a wife has contributed to the husband's property.

The cited statute reads as follows:

"When a divorce shall be decreed for the aggression of the husband, the complainant shall be restored to all her real estate, and allowed, out of her husband's real and personal estate, such share as the court thinks reasonable; but if the divorce be for the wife's aggression, the court may restore the whole or a part of her real estate, and also such share of her husband's personal property as seems reasonable."

Three questions are presented: (1) Does the Superior Court have the power, following a divorce granted to the husband because of the wife's aggression, to award the wife a share of her husband's personal property when she has in fact brought no property into the marriage; (2) Assuming an affirmative answer to the first question, should such an allowance be made when the ground for divorce is the wife's adultery; (3) Will this Court, on appeal, make an original determination as to whether an allowance should be made? The answers to these questions involve an interpretation of the statute since the Court's right to make any division of property admittedly arises from, and is limited to the authority included in, the enactment. Sidwell v. Sidwell, 5 W.W.Harr. 322, 165 A. 334.

The language of § 1531 has remained substantially unchanged since 1852. Revised Code of Delaware 1852, Ch. 75, § 9. Prior to that year, the language was somewhat different. It appears in 8 L. of D. 149, as part of the State's first divorce statute, enacted in 1832. Up until that date, divorces were granted only by the Legislature. The wording then used was this:

"Section 5. And be it further enacted by the authority aforesaid, That when a divorce shall be decreed in the case of the aggression of the husband, the woman shall be restored to all her lands and tenements, and be allowed out of the husband's real and personal estate, such share as the court shall think reasonable, having regard to the personal property that came to him by the marriage, and his estate at the time of the divorce, but if the divorce shall arise from the aggression of the wife, the court may order to her restoration of the whole or part of the lands, tenements, and hereditaments, (as to them shall appear just and right,) and also such share of the husbands personal property as may appear reasonable, all circumstances considered."

It will be noted that the revision of 1852 eliminated from the first portion, which deals with cases of a husband's aggression, the words "having regard to the personal property that came to him by the marriage, and his estate at the time of the

divorce"; in cases of the wife's aggression, it omitted the words "all circumstances considered." Appellant argues that the first change was made to eliminate all reference to personal property which the wife brought to the husband in order to emphasize a legislative intent that allowances to her from his personal property were not to be measured by her contribution thereto. The difficulty with this contention is that this change concerned only allowances to innocent wives; we think it would be wrong to infer from it an intent to alter the section applicable to aggressor wives.

The Court below based its conclusion upon the fact that the portion dealing with a wife's aggression uses the word "restore" with respect to her real estate and does not use any other verb in referring to personal property, whereas in the part pertaining to a husband's aggression, it speaks of *restoring* her real estate and *allowing* to her a part of his property. The Court held that this difference in the language demonstrates a legislative intent not to *allow* an aggressor wife any part of the husband's personal estate except the equivalent of whatever she may have contributed.

At the time of the original enactment and its amendment, it was proper to use the word "restore" with respect to the real estate; it was an inappropriate word to apply to personal property, however, because in those days personal property was owned entirely by the husband.* Powell v. Powell, 12 Del.Ch. 169, 109 A. 1.

The appellant contends, therefore, that the word "restore" controls only the disposition of her real estate, and that the word "allow" with respect to the personal property is necessarily implied.

The appellee, however, argues that the Legislature was careful, in the first part of the Act, to use the words "restore" as to realty and "allow" as to personalty, and that its failure to do so in the latter part must mean that it did not intend the result suggested by appellant. He suggests that the obvious intent is that the Court may only order the husband to turn over to the wife personal property of a value equivalent to her contribution to the husband's property.

It seems to us that the appellant's argument would require us to read into this part of the statute the word "allow," whereas appellee's contention would require us to add into it language limiting the share to be given her to the equivalent of what she has contributed. In our opinion, the language is ambiguous and contains nothing clearly pointing to a specific legislative intent. It is our obligation, therefore, to attempt, as best we can, to arrive at a correct interpretation through the use of other proper aids.

Turning to the reported cases of this State, we find that most of them deal only with instances of a husband's aggression and are of no present assistance. Two cases, however, involved the wife's aggression. The earliest is Sidwell v. Sidwell, *supra*. No award was actually made because the Court found that there was no property of the husband from which an allowance could be made. The other is Brown v. Brown, 3 Terry 157, 29 A.2d 149, in which an award was made. The ground for divorce was willful desertion by the wife. There is no indication that the wife contributed anything of monetary value to the marriage. There is a statement that the "wife works for $9 per week," but this apparently refers to the time after separation. The Court granted her $500.00. The point raised here is not mentioned in the opinion. Some support for appellant's position is found in the fact that the Court referred three or four times to this award as an "allowance," although as we have seen, this term does not appear in the pertinent part of the Act.

* Delaware's first Married Women's Act was adopted in 1865. 12 L. of D. 663.

No statute has been found in any other state which contains the precise language of the Delaware statute. The general rule is thus stated in 27B C.J.S. Divorce p. 307:

"In making a division or distribution of property on granting a divorce, the court may consider the cause for which the divorce was granted and who was at fault; and, ordinarily, the circumstance of fault has persuasive force but, except as statutes may require a different holding, is not of itself controlling."

The word "aggression" in the statute presumably signifies fault or wrong-doing of a type justifying a divorce decree. Cf. Rolph v. Rolph, 1 Storey 552, 149 A.2d 744. As we all know, there are instances when a plaintiff is not entirely free of wrong-doing, though it may not be sufficient to constitute a defense to his action. It is, therefore, possible to visualize situations in which real injustices would be done by allowing nothing whatever to the wife, despite the fact that the law regards her as the wrong-doer. To accept appellee's argument would mean that in no case could the Court allow a penniless wife, who has made no financial contribution, any sum whatever from a wealthy husband, even though her "aggression" was the result of strong provocation. We cannot believe that the Legislature intended that result.

We hold that the word "allowed" is necessarily implied in § 1531, as appellant contends; and that the power exists in the Superior Court to make an allowance to an aggressor wife out of her husband's personal property under that section. It is, however, a discretionary power which, in our opinion, is to be exercised cautiously and sparingly; clearly, the statute was not intended to encourage marriage for profit.

■ Appellee argues that no award may be made to a wife who has committed adultery. We think that the statute cannot properly be so interpreted. As we have said, it forms a part of the original divorce law of 1832. By that Act, five different grounds for divorce were set out; yet, in the particular section we are considering, no distinction is made between adultery and any other type of aggression. The very next section expressly deprives the wife of certain rights in the husband's property because of her adultery, and it is reasonable to believe that the same exception would have been inserted in the section we are now considering had the Legislature so intended. The finding of adultery would of course be an important consideration in the exercise of discretion as to whether an award should be made and, if one be made, in determining its amount.

■ Appellee's final contention is that there is nothing in the facts of this case to justify the exercise of discretion in the wife's favor, in any event, and that an allowance here would constitute an abuse of discretion. But it must be remembered that the discretionary power is vested in the Court below, and is subject to reversal only when it has been abused. The Court below has not exercised its discretion in this case because of its view that it had no power to do so. Furthermore, it is possible that there are additional matters which the parties may desire to introduce into the record. We think it would be a mistake for us to exercise what would amount to original jurisdiction over this phase of the case.

Nothing we have said herein is intended to suggest that an allowance should or should not be made in the present case.

The order appealed from will be reversed and the record remanded for further action by the Court below, pursuant to this opinion.