**Wife, V. K., Plaintiff,**

v.

**Husband, J. S. K., Defendant.**

Superior Court of Delaware, New Castle.

Oct. 25, 1971.

———◆———

Arthur Inden, Young, Conaway, Stargatt & Taylor, Wilmington, for plaintiff.

Francis J. Trzuskowski, Connolly, Bove & Lodge, Wilmington, for defendant.

OPINION

O'HARA, Judge.

In an uncontested divorce action plaintiff-wife was granted a divorce on the

---

grounds of incompatibility. Subsequent to the granting of the decree nisi plaintiff petitioned for attorney fees and a division of property. Defendant-husband argues that under the provision of 13 Del.C. § 1531(a) this Court does not have the authority to allow to the wife, out of husband's real estate, personal estate or both, such share as the Court deemed reasonable when divorce is decreed at the suit of the wife on the grounds of incompatibility.

The statute involved, 13 Del.C. § 1531(a), was enacted into law on June 9, 1970, and reads as follows:

"(a) When a divorce shall be decreed in this State:

(1) At the suit of the husband or the wife, whatever the grounds, the wife shall be restored to all her real estate;

(2) At the suit of the wife on grounds other than non-age, voluntary separation or incompatibility, the wife shall be allowed out of her husband's real estate, personal estate, or both, such share as the court deems reasonable;

(3) At the suit of the husband or the wife except as otherwise provided in this subsection, whatever the grounds, the wife may be allowed out of her husband's real estate, personal estate, or both, such share as the court deems reasonable."

For an understanding of the probable legislative intent in the enactment of the above statute, it is helpful to examine the law as it existed just prior thereto. The former 13 Del.C. § 1531 read as follows:

"When a divorce shall be decreed for the aggression of the husband, the complainant shall be restored to all her real estate, and allowed, out of her husband's real and personal estate, such share as the court thinks reasonable; but if the divorce be for the wife's aggression, the court may restore the whole or a part of her real estate and also such share of her husband's personal property as seems reasonable."

Clearly under the old statute the wife herein would have been entitled to a property division, inasmuch as aggression is attributable to both parties when the divorce action is grounded upon incompatibility. Husband v. Wife, 280 A.2d 710 (Del.Supr.1971).

It is the defendant's contention, however, that the new statute cited above has changed and restricted this Court's power in this area by denying jurisdiction in situations where a wife brings a divorce action on the grounds of incompatibility.

■ A careful examination of the new statute indicates that this Court has, in fact, been granted expanded power in its discretionary authority to cope with domestic situations. For example, the statute now provides in (a) (2) that the Court *shall* allow a share to the plaintiff-wife out of the husband's real and personal estate as the Court deems reasonable. This particular subsection involves all of the traditional grounds involving aggression on the part of the husband. The word "shall" in this subsection removes discretion from the Court as to whether or not to allow a property division in these "aggression" type cases. However, when we examine subsection (3) of the new statute we find that whatever other grounds are involved and regardless of who has initiated the action, the wife *may* be allowed a share out of her husband's real estate and personal estate as the Court deems reasonable.

■■ It would appear that the use of the word "may" in subsection (3) is intended to give to the Court discretion in those situations where the defendant is either not aggressive, neither party is the aggressor, or, as in incompatibility, when aggression exists on both sides. The conclusion herein reached is strengthened by the recognition that the new statute gives to the Court discretion to direct a division

of property wherein the wife has sued for divorce on the grounds of non-age or voluntary separation. Under the old statute, 13 Del.C. § 1531, the Court did not have jurisdiction to entertain such property division petitions inasmuch as they did not involve aggression on the part of the husband.

In conclusion this Court believes that a careful reading of the entire new statute, in the light of the restrictions under the old statute, indicates that the Legislature intended that this Court should have full power to finally and irrevocably settle both the marital and financial ties of the parties regardless of the basis of the granting of the divorce.

For the reasons herein stated the Court concludes that this Court does have jurisdiction to grant the plaintiff-wife's petition for a division of property and attorney fees.

An order directing an appropriate division of property and attorney fees will be entered after further consultation with counsel.