PER CURIAM:
These two cases have been consolidated for decision because of the common question involved.
The appellant husbands were granted divorces in the Superior Court on the ground of incompatibility, under 13 Del.C. § 1522(12). The Court below ordered each of them to make periodic support payments to his wife, appellee herein, pursuant to 13 Del.C. § 1537(a). In doing so, the Court overruled the contention of each of the appellants that § 1537(a) is unconstitutional. It is that ruling which the appellants ask us to reverse.
The questioned statute reads as follows:
“(a) Where plaintiff shall seek a divorce on grounds of incompatibility and defendant shall aver in an affidavit served on plaintiff in accordance with the rules of court and filed in the action, and shall prove by a preponderance of the evidence offered at the trial or at such other time as the court may fix, defendant’s dependency upon plaintiff for *423 support and the lack of an agreement obligating plaintiff to support defendant after the entry of a final divorce decree, the court may, in its final decree of divorce, order plaintiff to make periodic support payments to defendant in such sum as seems reasonable under the circumstances of the parties, to continue while defendant remains alive and unmarried or for such shorter period as the order of the court may fix.”
Appellants point out that support payments may be awarded under the statute only to a defendant who is dependent upon the plaintiff. They argue that this provision is discriminatory and unconstitutional because the right to receive an award is based upon the position of the dependent as a defendant; a wife, for example, even though she is entirely dependent upon the husband, cannot obtain support money if she institutes the divorce action on this ground. She is therefore compelled by economic necessity to refrain from bringing the action and must let the marriage continue to exist unless and until the husband sees fit to bring suit. The result is, the appellants contend, that this situation is unconstitutionally discriminatory.
We have consistently held that a party may not challenge the constitutionality of a statute unless he is within the class of persons whose rights are actually infringed. Wilson v. State, 264 A.2d 510 (1970). Neither of these appellants has suggested that he is a dependent; on the other hand, the Court below found to the contrary by awarding support to the appellees. Neither appellant, therefore, has standing to question the constitutionality of the statute. If the provision is unconstitutional, appellants are not within the only class of persons adversely affected thereby, i. e., dependent plaintiffs. Determination of the matter must await a case in which a party is directly affected by the alleged discrimination.
The unhappy situation of a dependent wife, obliged to await suit by her husband in order to benefit from the statute which protects dependent defendants only, naturally arouses a feeling of sympathy. It may be that the Legislature may find it wise to reconsider these provisions, thereby rendering unnecessary an ultimate determination of the question which appellants have attempted to raise.
The appeals must be dismissed.