### In the Matter of The Real Property of Former WIFE, K. and Former Husband, K.

Court of Chancery of Delaware, New Castle.

Oct. 26, 1972.

The Wife contends that this court lacks jurisdiction over such a claim. She argues that the Husband had an adequate remedy at law and that this court cannot, in a partition proceeding, consider equities outside the property to be partitioned. After briefing and argument, this action was stayed to permit the Husband to apply to the Superior Court for the relief he seeks. His motion to reopen the divorce action was denied because it was not timely. After further briefing here, the issue of subject matter jurisdiction over the Husband's claim was submitted for decision.

The parties agree as to the relevant facts. In September 1970 the Wife left the marital home taking with her certain household furnishings, an automobile and bank accounts. She has retained exclusive possession of that personalty and has refused the Husband's demands for a share. The Wife obtained a divorce in 1971, but neither party petitioned for a division of marital property and none was made.

Francis J. Trzuskowski, of Connolly, Bove & Lodge, Wilmington, for Former Wife.

John A. Faraone, Wilmington, for Former Husband.

DUFFY, Chancellor:

This is an action between former spouses for partition of real property in which the parties disagree over distribution of the net proceeds. A division of personal property was not made in the divorce proceedings in Superior Court. The former husband (Husband) now seeks to charge the partition share of his former wife (Wife) with the value of his share of certain personal property which she allegedly took for her own use.

## A.

This court does not have jurisdiction over any matter for which there is an adequate remedy at law. 10 Del.C. § 342;[1] In re Markel, Del.Supr., 254 A.2d 236 (1969). And, if a litigant fails to avail himself of a remedy provided by law and is subsequently barred from pursuing that remedy because of his own lack of diligence, he cannot then rely on the absence of a remedy at law as a basis for equitable jurisdiction. 27 Am.Jur.2d, Equity § 93. "[T]he doors of a court of equity which would be closed to a vigilant litigant because he has a statutory remedy do not open to him upon his showing that he has ignored that remedy." Kane v. Morrison, 352 Pa. 611, 44 A.2d 53 (1945). Therefore, this court does not have jurisdiction over the Husband's claim if he had availa-

---

1. 10 Del.C. § 342 provides:
 "The Court of Chancery shall not have jurisdiction to determine any matter wherein sufficient remedy may be had by common law, or statute, before any other court or jurisdiction of this State."

ble to him at law a remedy adequate to protect his rights in the marital property, or if such a remedy would have been available to him but for his failure to pursue it.

An adequate remedy at law is one which (1) is as complete, practical and as efficient to the ends of justice and its prompt administration as the remedy in equity, and (2) is obtainable as of right. City of Walla Walla v. Walla Walla Water Co., 172 U.S. 1, 19 S.Ct. 77, 43 L.Ed. 341 (1898); 27 Am.Jur.2d, Equity §§ 94–99.

The Wife argues that an adequate remedy at law is provided by 13 Del.C. § 1531 which confers upon the Superior Court jurisdiction to divide marital property upon divorce in these words:

"§ 1531. *Allowance or division of property upon divorce*

(a) When a divorce shall be decreed in this State:

(1) At the suit of the husband or the wife, whatever the grounds, the wife shall be restored to all her real estate;

(2) At the suit of the wife on grounds other than non-age, voluntary separation or incompatibility, the wife shall be allowed out of her husband's real estate, personal estate, or both, such share as the court deems reasonable;

(3) At the suit of the husband or the wife except as otherwise provided in this subsection, whatever the grounds, the wife may be allowed out of her husband's real estate, personal estate, or both, such share as the court deems reasonable.

(b) Any allowance or division of the property under subsection (a) of this section may be by a gross sum, annual allowance, or by an assignment by metes and bounds. The court may appoint commissioners to execute any order in the premises, and may issue writs of possession, as in the case of lands sold on execution process."

The Husband says that the remedy provided by § 1531 is available only to the wife in a divorce proceeding. He argues that because the statute speaks only of rights running to a wife, a husband may not petition the court for a division of property in a divorce proceeding. Therefore, he says, if a wife does not petition for a division of marital property (and his wife did not), a husband has no remedy by which his rights in such property may be determined and enforced.

The question of the Husband's right to petition for a division of marital property was not decided by Superior Court in acting on his motion to reopen the divorce proceeding. That court's precise ruling was that the Husband's motion was denied for lack of timeliness, as the order states:

"The Motion of the defendant to reopen the above-captioned cause of action having been presented to the Court at regular motions on June 9, 1972, and same having been considered by the Court, the motion is denied for lack of timeliness. No other matters are adjudicated by this Court."

In short, the ruling was that if the Husband had a remedy under § 1531, he was too late in pursuing it.

This court must therefore decide whether § 1531 provided the Husband with an adequate remedy at law.

### B.

The Husband asks this court to award him his share of the jointly-owned personal property from the Wife's share of the proceeds from partition of the jointly-owned real property. In short, he seeks an award of a fair share of the personalty. Did he have a remedy at law for that specific claim? In my view he did if, (a) the Superior Court had the power to award to him his fair share of the personalty as completely, practically and efficiently as this court could, and (b) he could have invoked that power as a matter of right.

## C.

I consider first whether the Superior Court might have enforced the Husband's rights in the personalty as effectively and efficiently as this court. Quite obviously, § 1531 must be read within the context of the divorce proceeding to which it is an incident. A man and woman who marry enter into a spiritual union and a civil contract, and they create complex legal and equitable property relations between themselves. When a marriage is ended by divorce, this complex of interests in marital property must be sorted out and the respective rights of the spouses finally settled.

The General Assembly provided in § 1531 a mechanism by which this may be done. It is true that the statute by its terms speaks only of rights of a wife in her husband's property, and does not on its face refer to rights of a husband in jointly-owned property. But, by definition, an award to a wife of a certain portion of her husband's property or of jointly-owned property, is an award to the husband of the remainder. And § 1531 has been interpreted and applied by our courts as conferring broad power to settle all property rights between both spouses. Thus the Supreme Court said in Rickards v. Rickards, Del.Supr., 3 Storey 134, 166 A.2d 425 (1960) "by 13 Del.C. § 1531, the court is specifically empowered, after the granting of a divorce, to order such division of property as might be equitable." More recently, the Superior Court interpreted the legislative intent in the present version of § 1531, saying:

"A careful examination of the new statute indicates that this Court has, in fact, been granted expanded power in its discretionary authority to cope with domestic situations. . . .

. . . . . . .

. . . . the Legislature intended that this Court should have full power to finally and irrevocably settle both the marital and financial ties of the parties . . . . ." V. K. v. J. S. K., Del.Super., 283 A.2d 841 (1971).

I emphasize that the power thus given to the Superior Court to consider the parties' equities is as complete as that of this court: specifically, the statute permits award of "such share as the court deems reasonable," the Supreme Court has characterized the power as "equitable," Rickards v. Rickards, supra, and the Superior Court emphasized its "discretionary authority to cope with domestic situations." V. K. v. J. S. K., supra. See, also, Wife v. Husband, Del.Supr., 256 A.2d 283 (1969). It is also clear that, after considering these equities, the Superior Court has the power to implement its decision, either by an award of a cash sum to a wife, Brown v. Brown, Del.Super., 3 Terry 157, 29 A.2d 149 (1942), or by ordering assignment of the appropriate property interest. Townsend v. Townsend, Del.Super., 5 W.W.Harr. 493, 168 A. 67 (1933).

 I conclude that the remedy provided by § 1531 is as complete and practical as that which might be afforded by this court. And § 1531 provides a means whereby the spouses' conduct and contributions to the marriage may be conveniently litigated and their rights concluded in a single proceeding. The remedy at law is therefore certainly more, rather than less, "efficient to the ends of justice and its prompt administration" than a separate proceeding, perhaps years after the divorce itself, in this court. Therefore, the Husband had an adequate remedy at law, if he had the right under § 1531 to assert claims in the property.

## D.

The question of a husband's right to put in issue a property division under § 1531 is apparently a novel one. There do not appear to be any reported decisions discussing the question.

The Husband claims that the statute on its face makes the right of petition unique to a wife, but an examination thereof compels no such conclusion. It establishes certain legal property rights but is silent on the procedural question of who may put those rights in issue. I am therefore required to construe the statute to determine whether a husband may do so.

The statute must be given a sensible and practical meaning, if possible, and it is presumed that the General Assembly did not intend an unreasonable, absurd or unworkable result; if from the statute as a whole the object sought to be attained can be ascertained, it will be given effect by the courts. E. I. DuPont de Nemours & Co. v. Clark, Del.Supr., 32 Del.Ch. 527, 88 A.2d 436 (1952). As I have said, the Legislature's intent in enacting § 1531 was to confer upon the Superior Court the power to "finally and irrevocably settle both the marital and financial ties of the parties." V.K. v. J.S.K., supra. If the statute restricts to a wife the right to petition for a division of property or to otherwise put that in issue, the considerable and necessary power granted to the Superior Court to settle the financial ties of the parties could be effectively thwarted by a wife's refusal to petition. Certainly it is unreasonable to suppose that the Legislature intended such a result. On the contrary, the sensible and practical view is that the Legislature intended that Superior Court have the power to settle spouses' property rights during a divorce proceeding, and the exercise of that power was not dependent upon which spouse formally put those matters in issue.

I conclude that the Husband, by petition or otherwise, could have availed himself of the remedy afforded by § 1531 had he done so timely.[2] He therefore had an adequate remedy at law, and this court does not have jurisdiction over his claim for a share of personal property.

---

2. Procedurally, after the Superior Court has determined property rights of spouses under § 1531, either may apply to this court for partition if that is necessary to enforce the award or to effect the division in accordance with the Superior Court's order.