321 A.2d 115 (1974)
Husband M, Defendant Below, Appellant,
v.
Wife M, Plaintiff Below, Appellee.
Husband N, Plaintiff Below, Appellant,
v.
Wife N, Defendant Below, Appellee.
Husband J, Defendant Below, Appellant,
v.
Wife J, Plaintiff Below, Appellee.
Supreme Court of Delaware.
April 18, 1974.
Rehearing Denied May 10, 1974.
Frank J. Gentile, Jr., and Victor J. Colombo, Wilmington, for M, defendant below, appellant.
Theodore F. Sandstrom, Wilmington, for M, plaintiff below, appellee.
Victor F. Battaglia and G. Thomas Sandbach of Biggs & Battaglia, Wilmington, for N, plaintiff below, appellant.
Richard I. G. Jones and Jan S. Black of Prickett, Ward, Burt & Sanders, Wilmington, for N, defendant below, appellee.
Victor F. Battaglia and G. Thomas Sandbach, of Biggs & Battaglia, Wilmington, for J, defendant below, appellant.
Thomas H. Wingate, Wilmington, for J, plaintiff below, appellee.
Before HERRMANN, C. J., and CAREY and DUFFY, JJ.
Rehearing Denied in No. 239 May 10, 1974.
*117 HERRMANN, Chief Justice:
In each of these cases, after granting a divorce decree, the Superior Court made a property division in favor of the Wife under 13 Del.C. § 1531(a).[1] In each case, the Husband appeals on the ground, inter alia,[2] that § 1531(a) violates the Equal Protection Clauses of the Federal and State Constitutions.

I.
The Husbands contend that, in recent years, there has been a significant change in the scope of the Equal Protection Clause when applied to the sexes. They point to Reed v. Reed, 404 U.S. 71, 92 S.Ct. 251, 30 L.Ed.2d 225 (1971); Stanley v. Illinois, 405 U.S. 645, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972); and Frontiero v. Richardson, 411 U.S. 677, 93 S.Ct. 1764, 36 L.Ed.2d 583 (1973). Upon the foundation of those cases the Husbands build the argument that § 1531(a) discriminates against a husband solely on the basis of his sex in that the Statute permits a wife to share her husband's property after divorce, but does not permit the husband similarly to share the wife's property. They contend that, to the extent that § 1531(a) thus treats the property of a wife on a basis different from that of a husband, and affords a remedy to a wife without granting a similar remedy to a husband, the Statute violates the Equal Protection Clause.[3] We must disagree.
The Husbands correctly point out that significant changes have evolved recently in this facet of constitutional law. Under the "new approach" to equal protection, there are two types of classifications, each measured by differing standards. See generally, Developments in the Law: Equal Protection, 82 Harv.L.Rev. 1065 (1969).
A legislatively created class, subject to the "traditional approach" to equal protection, must be sustained if the class itself is rationally related to a legitimate governmental interest and is not "patently arbitrary". As the United States Supreme Court recently phrased the "traditional" constitutional standard in Reed: "The Equal Protection Clause * * * den[ies] to States the power to legislate that different treatment be accorded to persons placed by a statute into different classes on the basis of criteria wholly unrelated to the objective of that statute. A classification `must be reasonable, not arbitrary, and must rest upon some ground of difference having a fair and substantial relation to the object of the legislation, so that all persons similarly circumstanced shall be treated alike.' Royster Guano Co. v. Virginia, 253 U.S. 412, 415, 40 S.Ct. 560, 561, 64 L. Ed. 989 (1920)." Reed v. Reed, 404 U.S. at 75, 76, 92 S.Ct. at 253, 254. See also Eisenstadt v. Baird, 405 U.S. 438, 92 S.Ct. 1029, 31 L.Ed.2d 349 (1972).
However, the United States Supreme Court has recognized recently a separate *118 category of "inherently suspect" classifications which require closer judicial scrutiny. In this latter category falls race [see Loving v. Virginia, 388 U.S. 1, 87 S. Ct. 1817, 18 L.Ed.2d 1010 (1967); McLaughlin v. Florida, 379 U.S. 184, 85 S.Ct. 283, 13 L.Ed.2d 222 (1964); Bolling v. Sharpe, 347 U.S. 497, 74 S.Ct. 693, 98 L. Ed. 884 (1954)], alienage [see Graham v. Richardson, 403 U.S. 365, 91 S.Ct. 1848, 29 L.Ed.2d 534 (1971)], and national origin [see Oyama v. California, 332 U.S. 633, 68 S.Ct. 269, 92 L.Ed. 249 (1948); Korematsu v. United States, 323 U.S. 214, 65 S.Ct. 193, 89 L.Ed. 194 (1944); Hirabayashi v. United States, 320 U.S. 81, 63 S.Ct. 1375, 87 L.Ed. 1774 (1943)]. These "inherently suspect" classifications will be sustained only if justified by compelling state interests. In this respect, there exists a "very heavy burden of justification" subject to strict judicial review. Loving v. Virginia, 388 U.S. at 9, 87 S.Ct. at 1822.
Until the recent decision in Frontiero v. Richardson, 411 U.S. 677, 93 S.Ct. 1764, 36 L.Ed.2d 583 (1973), the United States Supreme Court viewed legislative classifications based upon sex in terms of the minimal scrutiny standards of "traditional" equal protection. See e. g. Reed v. Reed, 404 U.S. 71, 92 S.Ct. 251, 30 L.Ed.2d 225 (1971); Hoyt v. Florida, 368 U.S. 57, 82 S.Ct. 159, 7 L.Ed.2d 118 (1969); Goesaert v. Cleary, 335 U.S. 464, 69 S.Ct. 198, 93 L. Ed. 163 (1948); Radice v. New York, 264 U.S. 292, 44 S.Ct. 325, 68 L.Ed. 690 (1924). In Frontiero, however, it was declared that "classifications based upon sex, like classifications based upon race, alienage or national origin, are inherently suspect, and must therefore be subjected to strict judicial scrutiny." Frontiero v. Richardson, 93 S.Ct. at 1771. But that pronouncement does not settle our problem here. The opinion so stating was not joined by a majority of the Court. As a plurality conclusion, it is enlightening, but not controlling.
Fortunately, however, it appears that we need not choose between the two standards for testing § 1531(a) against the Equal Protection Clause. We think the Statute meets both standards and withstands both tests.

II.
The Husbands argue that husbands and wives together constitute a class of individuals similarly situated and therefore any distinction between them "operates as an unjust and arbitrary discrimination". In the Husbands' assumption that husbands and wives are physically and economically similarly circumstanced lies the critical flaw of their argument.
In the vast majority of marital situations in Delaware, including those which come before our Courts, it is the husband who is the "bread winner", upon whom the principal financial burdens fall; it is his income and his opportunity and ability to accumulate wealth upon which the economic stability of the household and the prosperity of the family chiefly depend. In contrast, as a general rule, the wife is the "homemaker", responsible for managing the home and family and performing the domestic functions which enable the husband to act as the main provider of income and wealth. Generally speaking, each contributes in a characteristic and essential way to the development of the marital property, much of which may become titled in the husband's name alone. The financial realities of this time-honored,[4] husband-wife dichotomy are reflected, and compensated for, in the provisions of § 1531(a) which recognize the differing physical capabilities and economic contributions of the parties.
The State's broad, plenary power of regulation of marital status, so essential to the public welfare, extends to the dissolution of marriage. See Maynard v. Hill, 125 U.S. 190, 8 S.Ct. 723, 31 L.Ed. 654 *119 (1888); Cohen v. Cohen, Del.Super., 84 A. 122 (1912). When the State dissolves a marriage, a proper legislative objective is to assure that the contribution of the wife to the prosperity of the union is justly credited to her so that she is not deprived of her fair share of any marital estate accumulated during the marriage.
It is claimed that the Statute arbitrarily discriminates against husbands. Not so; an award to the wife of a portion of her husband's property is, by definition, an award to the husband of the remainder. In Re Wife K. Del.Ch., 297 A.2d 424 (1972). By § 1531(a) the Court is simply given the authority to finally and equitably untangle and apportion a complex of marital property. Rickards v. Rickards, Del. Supr., 3 Storey 134, 166 A.2d 425 (1960); V.K. v. J.S.K., Del.Super., 283 A.2d 841 (1971); In Re Wife K, Del.Ch., 297 A.2d 424 (1972).
Conceding that in terms of actual numbers there may exist exceptions to the foregoing general scheme of family life, it is settled that standards of equal protection do not require that every classification be drawn with precise mathematical certainty. United States Department of Agriculture v. Moreno, 413 U.S. 528, 93 S.Ct. 2821, 37 L.Ed.2d 782 (1973); Dandridge v. Williams, 397 U.S. 471, 90 S.Ct. 1153, 25 L.Ed. 2d 491 (1970); Lindsley v. Natural Carbonic Gas Co., 220 U.S. 61, 31 S.Ct. 337, 55 L.Ed. 369 (1911). Moreover, the Statute is not constitutionally infirm merely because it may not be the best possible method to achieve the goals intended by the General Assembly. See Richardson v. Belcher, 404 U.S. 78, 92 S.Ct. 254, 30 L. Ed.2d 231 (1971); Dandridge v. Williams, 397 U.S. 471, 90 S.Ct. 1153, 25 L.Ed.2d 491 (1970); Goesaert v. Cleary, 335 U.S. 464, 69 S.Ct. 198, 93 L.Ed. 163 (1948). Consideration of whether the proper State interests here involved could be better served by some other form of legislation is not within the responsibility of this Court. See Sibbley v. State, Del.Supr., 9 Terry 289, 102 A.2d 702 (1954); DuPont v. DuPont, Del.Supr., 8 Terry 229, 90 A.2d 467 (1952); State v. Hobson, Del.Supr., 7 Terry 381, 83 A.2d 846 (1951).

III.
Upon the basis of the foregoing analysis of the purpose and scope of § 1531(a), we are of the opinion that the classification thereby created is both (1) "justified by compelling state interests", within the "inherently suspect" standard of Equal Protection,[5] and (2) rationally related to the achievement of legitimate goals, within the "traditional" standard of Equal Protection.
The conclusion we thus reach is not in conflict with any of the decisions upon which the Husbands place reliance. The common thread of reasoning in both Reed and Frontiero is that, in the face of an equal protection challenge, a classification based upon sex cannot be sustained solely on grounds of administrative convenience. In Reed, an Idaho Statute provided that when two individuals are otherwise equally entitled to administer an estate, the male applicant must be preferred to the female. In Frontiero, a married female Air Force Officer sought benefits for her spouse as a dependent. The Air Force applied different administrative standards to her as compared with male officers. In both cases, administrative convenience was the sole basis of the distinction. We agree that administrative convenience is not a sufficient ground for a discrimination between the *120 sexes. We decline, however, to extend the rule of Reed and Frontiero to § 1531(a) which is based upon fundamental concepts of family life. Nor is the Stanley case, relied upon by the Husbands, more persuasive. There, the Supreme Court invalidated, on Equal Protection grounds, an Illinois Statute under which the father of an illegitimate child was presumed unfit to raise his child. The inapplicability of that ruling to the instant cases is too clear to require further discussion.
We hold, therefore, that the provisions of 13 Del.C. § 1531(a), as applied in the instant cases, are not violative of the Equal Protection Clause of either the Federal or the State Constitutions.
Affirmed.

SUPPLEMENTAL OPINION[6] in No. 204, 1973.
PER CURIAM:
Subsequent to a property division hearing under 13 Del.C. § 1531(a)(3), the Superior Court ordered that the residence real property (the only real property involved), all household goods, and one automobile be awarded to the Wife; that the other automobile be kept by the Husband.
The Husband contends that the award of the real estate to the Wife is unreasonable and, therefore, constitutes an abuse of the Court's discretion. We disagree.
The real estate was acquired in 1968, title being taken by the Husband and the Wife as tenants by the entireties. Of the total purchase price of $14,650., the Wife paid about $500., which included settlement costs and a nominal down payment. The property was otherwise totally financed, with the Husband paying substantially all mortgage payments until January 1973 when the Wife assumed the payments. As of June 1973, there remained an unpaid balance on the mortgage of about $13,500. The real estate had an appraised value of $28,500.
The two children of the parties reside with the Wife in the property. Because of the age of the children, the Wife is unable to work full time; she earns approximately $50. per week as a part-time hair dresser. In addition, she receives $45. child support weekly from the Husband.
The Wife testified that she was obliged to seek financial assistance from her parents due to her necessitous circumstances. On the other hand, the Husband was earning $171.80 per week as a factory worker.
The Superior Court has discretion to order such division of property as may be equitable. Rickards v. Rickards, Del.Supr., 3 Storey 134, 166 A.2d 425 (1960); V. K. v. J. S. K., Del.Super., 283 A.2d 841 (1971); In Re Wife K, Del.Ch., 297 A.2d 424 (1972); compare Wife v. Husband, Del.Supr., 258 A.2d 283 (1969). Among other considerations, present and probable future incomes of husband and wife are relevant factors affecting the exercise of that discretion in determining a fair and equitable property division. Beres v. Beres, Del.Super., 2 Storey 133, 154 A. 2d 384 (1959); Nelson, Divorce and Annulment (1961) § 14.135.
After a review of this case, we are unable to say that the Superior Court's conclusions were clearly wrong. See Nelson v. Murray, Del.Supr., 211 A.2d 842 (1965); see also Levitt v. Bouvier, Del. Supr., 287 A.2d 671 (1972); Lank v. Steiner, Del.Supr., 224 A.2d 242 (1966).
We note that the Superior Court's Order makes no express provision for future mortgage payments on the property. Our conclusion that the Superior Court did not abuse its discretion in awarding the real estate to the Wife is based upon the assumption *121 that the Husband will have no further mortgage obligations.
Affirmed.

SUPPLEMENTAL OPINION[6] in No. 239, 1972.
PER CURIAM:
In dividing the property between the husband and wife, the Court below found that most of their personalty was jointly owned; the residence was held by the two as tenants by the entirety. We are of the opinion that this finding concerning the personalty was amply supported by the testimony, with the sole exception of the antiques in the appellant's office. Clearly, they were used as part of the permanent decorations or furnishings of that office; those antiques which were kept in the home were treated by the parties as functional household goods and therefore would fall within the presumption of joint ownership, as set forth in DuPont v. DuPont, 33 Del.Ch. 571, 98 A.2d 493 (1953). This presumption does not apply to those antiques kept in the office; they should remain the property of the appellant.
After careful review of all the testimony, we hold that the property division in all other respects, including the stock holdings, is reasonable and is well within the bounds of the lower Court's discretionary powers.
The decision below is modified in the foregoing respect and, as so modified, is affirmed.

UPON PETITION FOR REARGUMENT in No. 239, 1972.
The appellant asserts that the opinions herein did not clearly dispose of two contentions which he considers important:
(1) That 13 Del.C. § 1531 is an invalid delegation of legislative power and is void for vagueness, in violation of the Due Process Clause.
We find these contentions without merit. The standard of "reasonableness" to be applied in the exercise of a sound judicial discretion, like the test of "unreasonableness" under the Fourth Amendment, has weathered the tests of time. The Statute violates no constitutional guaranties. The appellant's reliance upon Marta v. Sullivan, Del.Supr., 248 A.2d 608 (1968) is misplaced; it is inapposite upon its facts.
(2) That the opinions did not dispose of the contention that the award of the assets of the Uniform Shop, Inc. was improper because it is a Delaware corporation not party to this action.
This argument was rejected by the statement in the Opinion that the entire property division below, "including the stock holdings", is found reasonable and proper.

SUPPLEMENTAL OPINION[6] in No. 2, 1973.
PER CURIAM:
After a hearing thereon, the Superior Court ordered that title in the marital domicile be vested solely in the ex-wife. This order was the outcome of her petition for a division of property.
In reaching that conclusion, the Court considered, inter alia, the following facts: The parties were married in 1966. The following year they bought a home in Bear, Delaware; the purchase price was $25,000. The wife claimed to have paid a $1,000. deposit, the down payment of $7,800., settlement costs of $805., and mortgage payments of $121. per month. Before the marriage, the wife received $25,000. as the result of the accidental death of her former husband, and it was this fund which she claimed enabled her to make the aforementioned payments.
There was conflicting testimony concerning the disposition of the husband's *122 paychecks and his contributions toward the maintenance of the home and his payments on the mortgage. The Superior Court found that the husband's financial contributions were "limited if not minimal".
Appellant infers that the Superior Court acted pursuant to 13 Del.C. § 1531(a)(1)[7] in awarding the home to the wife. We do not think this inference is correct. Rather, we conclude that it based its decision upon § 1531(a)(2), which provides:
"(a) When a divorce shall be decreed in this State:
* * * * * *
"(2) At the suit of the wife on grounds other than non-age, voluntary separation or incompatibility, the wife shall be allowed out of her husband's real estate, personal estate, or both, such share as the court deems reasonable."
We reach this conclusion because the facts of this case do not establish that the property was the wife's. Although it was allegedly conveyed to the husband and wife jointly because the mortgage required it to be done, according to the husband's testimony, some payments came from his earnings, although the total amount thereof was considerably less than her outlay for that purpose. The Superior Court did not declare a purchase money resulting trust, as appellant suggests. The lower Court did not hold that the parties did not jointly own the property. After considering all of the facts, it decided that an award of the house to the wife would be reasonable.
Appellant asks us to find that the award of the house to the wife was unreasonable, and therefore not in compliance with the statute. He argues that his wife's testimony discloses that the assets available to her for expenditures for the house were less than the amounts she claims to have paid. Therefore, says appellant, the award of the house to his wife was unreasonable. This is a non sequitur. Even if her testimony was, to use appellant's language, "unreasonable", it does not follow that the award was necessarily unreasonable. More importantly, however, we point out that the Court below did not find that the wife had made all of the payments for the house, and therefore it evidently did not believe all of her testimony. Furthermore, although not expressly mentioned by the Court below, the evidence shows that her need for the property is far greater than his; she has three children (one mentally deficient) from her prior marriage to support upon an income considerably smaller than appellant's. We have no reason to substitute our judgment of the witnesses' veracity for that of the trial Judge, who heard their testimony and observed their demeanor. We are satisfied that there is ample evidence to support the findings of the Superior Court, and we cannot hold that his ultimate conclusion is unreasonable.
The Order below is affirmed.
NOTES
[1] 13 Del.C. § 1531(a) provides:

"(a) When a divorce shall be decreed in this State:
"(1) At the suit of the husband or the wife, whatever the grounds, the wife shall be restored to all her real estate;
"(2) At the suit of the wife on grounds other than non-age, voluntary separation or incompatibility, the wife shall be allowed out of her husband's real estate, personal estate or both, such share as the court deems reasonable;
"(3) At the suit of the husband or the wife except as otherwise provided in this subsection, whatever the grounds, the wife may be allowed out of her husband's real estate, personal estate, or both, such share as the court deems reasonable."
[2] A supplemental opinion will be filed in each of these cases, ruling against the appellant on other grounds raised.
[3] We note a reservation as to the standing of the Husbands to raise this issue. Here, the Husbands do not seek a division of property held by the Wives. Strickly speaking, therefore, they are not the aggrieved parties as were the complainants in Reed, Stanley, and Frontiero. See Husband, J. E. K., Jr. v. Wife, J. M. K., Del.Supr., 285 A.2d 422 (1971); Wilson v. State, Del.Supr., 264 A.2d 510 (1970). For the purposes of this appeal however, we assume arguendo that the Husbands possess the requisite standing to raise the constitutional question.
[4] 13 Del.C. § 1531(a) has its origins in legislation first enacted in 1832. See 8 Del.L. Ch. CXLIV.
[5] Despite the broad discretion granted by § 1531(a) to the Superior Court, a constitutionally mandated exception to this conclusion might arise in a case in which there is actual prejudice to a husband-petitioner who does not fit into the husband-wife hypothesis constituting the basis for the conclusion reached here. It is clear as a factual matter, however, that applications of the Statute to the Husbands in the instant cases do not present such problem. (See the supplemental Opinions filed in the individual appeals.) Compare Murphy v. Murphy, Ga.Supr.Ct., 42 L.W. 2393 (1/24/74).
[6] This Opinion supplements a companion Opinion, being filed simultaneously, upon the constitutional question raised upon this appeal.
[7] 13 Del.C. § 1531(a)(1) provides:

"§ 1531. Allowance or division of property upon divorce
"(a) When a divorce shall be decreed in this State:
"(1) At the suit of the husband or the wife, whatever the grounds, the wife shall be restored to all her real estate;"