GEBELEIN, Judge.
The issue raised by this appeal is the constitutionality of the revocation by the Court below of a juvenile’s driving privileges. The juvenile’s driving privileges were revoked pursuant to 10 Del.C. § 937(d) and he appeals that decision. The issues on appeal are the relationship of the equal protection and due process clauses of the United States Constitution to this statute.
The juvenile involved was arrested at age 17 for Driving Under the Influence. He was later adjudicated delinquent by a Family Court Judge for a violation of 21 Del. C. § 4177, the statute prohibiting such conduct. The Court revoked his driving privileges pursuant to 10 Del.C. § 937(d), until he reaches his twenty-first birthday, the age at which he may legally consume intoxicating liquor.
The first issue raised is whether 10 Del.C. § 937(d) violates the equal protection clause of the Fourteenth Amendment of the United States Constitution. It does *1144 not. When neither a fundamental right nor a suspect class is involved, a classification will be sustained unless it is patently arbitrary and bears no rational relationship to a legitimate governmental interest. Gotleib v. State, Del.Supr., 406 A.2d 270, 275 (1979). The classification of minors does not involve inherently suspect distinctions such as those based on alienage, nationality or race, and the privilege to operate a motor vehicle is not a fundamental right; therefore, traditional equal protection principles apply and a reasonable basis for the classification is needed. State v. J.K., Del.Supr., 383 A.2d 283, 288 (1977).
Courts have traditionally afforded legislative classifications a presumption of reasonableness where discrimination is not based upon an inherently suspect classification such as race, color, or religion and such a classification will not be set aside if any state of facts reasonably may be conceived to justify it. Justice v. Gatchell, Del.Supr., 325 A.2d 97, 102 (1974). A classification must be reasonable, not arbitrary and must rest upon some ground of difference having a fair and substantial relation to the object of the legislation so that all persons similarly circumstanced shall be treated alike. M. v. M., Del.Supr., 321 A.2d 115, 117 (1974). A statute is not constitutionally infirm merely because it may not be the best possible method to achieve the goals intended and it is not within the responsibility of the Court to consider whether State intereste could be better served by some other form of legislation. M. v. M., supra at 119.
The classification resulting from 10 Del.C. § 937(d) bears a rational relationship to a legitimate governmental interest. The State has a vital concern in the protection of the public, the prevention of driving under the influence, and the protection of its youthful citizens. Drivers under the age of eighteen have received a special permission to drive a motor vehicle through the provisions of 21 Del.C. § 2707(b)(8). Driving is a limited privilege for sixteen and seventeen year olds. Drivers who are eighteen to twenty years old, while also unable to drink legally pursuant to 4 Del. C. § 904(f), are not necessarily in the same circumstances as the younger drivers for whom driving is a special privilege.
Persons under the age of eighteen are minors under Delaware law. 1 Del.C. § 701. They receive the right to vote upon their eighteenth birthday. Usually, persons under eighteen are in the custody and control of their parents and reside at home. The age of eighteen, the age of majority, is clearly a rational age at which to grant driving privileges.
Persons who attend driving schools are granted the special privilege of obtaining a license at the age of sixteen. This privilege is a special one that results from a grant of trust that a properly educated minor will not abuse the driving privileges afforded him or her.
Abuse of this special privilege by driving under the influence, the most serious of motor vehicle violations, rationally results in a more severe penalty with respect to driving privileges than such a violation by a driver who has reached his majority and who was not granted this special trust.
While the juvenile contends on appeal that the proper test for his equal protection claim is one of intermediate scrutiny as set forth in Plyler v. Doe, 457 U.S. 202, 102 S.Ct. 2382, 72 L.Ed.2d 786 (1982), the Court cannot agree. In Plyler, the United States Supreme Court adopted an intermediate scrutiny test in order that the children of illegal aliens would receive an education, a much more fundamental concern than driving privileges. Plyler applied only to the unique facte of that case where the child had done nothing to violate the law, but was being deprived of an education solely on the basis of his status. There is no need to apply that test in this case, where a juvenile has affirmatively abused a special privilege granted him.
*1145 The second issue raised by the juvenile is whether 10 DelC. § 937(d) violates the due process clause of the Fifth Amendment of the United States Constitution as applied to the states through the Fourteenth Amendment. It does not.
Even though the juvenile failed to cite any authority in support of this argument, it would appear at first glance to be an argument with some merit. Appellant argues that the intent of 10 Del.C. § 937(d) is to punish people for violating both the consumption of alcohol statute, 4 Del. C. § 904(f), and the Driving Under the Influence statute, 21 Del. C. § 4177. In addition, he argues that he is being punished for his consumption without being given trial rights on that charge and, therefore, is being punished without due process of law.
Upon a closer analysis, this argument must fail. Section 937(d) is a sentencing provision triggered by an adjudication of delinquency pursuant to 21 DelC. § 4177. Section 4177 does not mention consumption of alcohol by a minor, it merely requires driving while under the influence. Thus, any person subject to the processes of Family Court for a violation of this statute faces the same penalty. The juvenile is not being adjudicated delinquent for violating a consumption of alcohol statute. Rather, the juvenile is being sentenced to an enhanced penalty because of his abuse of his special driving privileges.
The decision of the Family Court is AFFIRMED.
IT IS SO ORDERED.